## Case No. 14,130.

### TRACY et al. v. WOOD.

[3 Mason, 132.] [1]

Circuit Court, D. Rhode Island.  Nov. Term, 1822.

BAILMENT—WITHOUT REWARD—GROSS NEGLIGENCE —NATURE OF GOODS.

1. A bailee without reward is guilty of gross negligence if he omits that reasonable care of property committed to his charge, which persons in the like situation exercise, or which the bailee is accustomed to exercise in like cases.

[Cited in Brown v. The Elvira Harbeck, Case No. 2,005.]

[Cited in Conner v. Winton, 8 Ind. 318; Grant v. Ludlow's Adm'r, 8 Ohio St. 48; Graves v. Ticknor, 6 N. H. 540; Jenkins v. Motlow, 1 Sneed, 248.]

2. Gross negligence is to be considered with reference to the nature of the goods delivered to a bailee without reward. If money is delivered, it is to kept with more care than common property.

[Cited in The New World v. King, 16 How. (57 U. S.) 475; Atchison, T. & S. F. R. Co. v. McClurg, 8 C. C. A. 322, 59 Fed. 868.]

[Cited in Pattison Syracuse Nat. Bank, 80 N. Y. 99; United Society of Shakers v. Underwood, 9 Bush. 613.]

[3. Cited in Carrington v. Ficklin, 32 Grat. 678, to the point that the question of negligence, as a general rule, is one of fact for the jury.]

Assumpsit [by Frederick A. Tracy and others against Joshua B. Wood] for negligence in losing 764½ doubloons, entrusted to the defendant to be carried from New York to Boston, as a gratuitous bailee. The gold was put up in two distinct bags, one within the other, and at the trial, upon the general issue, it appeared that the defendant, who was a money broker, brought them on board of the steamboat bound from New York to Providence; that in the morning, while the steamboat lay at New York, and a short time before sailing, one of the bags was discovered to be lost, and that the other bag was left by the defendant on a table in his valise in the cabin, for a few moments only, while he went on deck to send information of the supposed loss to the plaintiffs, there being then a large number of passengers on board, and the loss being publicly known among them. On the defendant's return the second bag was also missing, and after every search no trace of the manner of the loss could be ascertained. The valise containing both bags was brought on board by the defendant on the preceding evening, and put by him in a berth in the forward cabin. He left it there all night, having gone in the evening to the theatre, and on his return having slept in the middle cabin. The defendant had his own money to a considerable amount in the same valise. There was evidence to show that he made inquiries on board, if the valise would be safe, and that he was informed, that if it contained articles of value, it had better be put into the custody of the captain's clerk in the bar, under lock and key. There were many other circumstances in the case. The

1 [Reported by William P. Mason, Esq.]

argument at the trial turned wholly on the question of gross negligence, and all the facts were fully commented on by counsel. But as the case is intended only to present the discussion on the question of law, it is not thought necessary to recapitulate them.

Whipple & Robbins, for defendant argued, that the suit could not be maintained, unless there was gross negligence, and that the evidence in this case, and the known habits of brokers repelled any notion of gross negligence. They cited Exodus, c. 22, vv. 7, 8; Paley, Moral Phil. 125; Jones, Bailm. 8–10, 21, 22, 46, 62, 119, 120; Coggs v. Bernard [2 Ld. Raym. 909], Id. Append. Swift, Dig. 387; Finucane v. Small, 1 Esp. 315; Robinson v. Dunmore, 2 Bos. & P. 419; Batson v. Donovan, 4 Barn. & Ald. 21.

Searle & Webster, for plaintiff argued e contra; that here there was a gross negligence, and that what constituted such negligence, depended in a great measure upon the nature of the thing bailed. That the contract of a bailee, without reward was for that degree of diligence, which men, ordinarily prudent, would give to such property. That no legal distinction existed between bailees with, or without reward, in respect to the care of money. That a carrier beyond the notice value was a carrier without reward, and yet liable for mere deviation from the usual course of the business. They cited Rooth v. Wilson, 1 Barn. & Ald. 59; Batson v. Donovan, 4 Barn. & Ald. 21; Smith v. Horne, 2 Moore, C. P. 20.

STORY, Circuit Justice. After summing up the facts, said, I agree to the law as laid down at the bar, that in cases of bailees without reward, they are liable only for gross negligence. Such are depositaries, or persons receiving deposits without reward for their care; and mandataries, or persons receiving goods to carry from one place to another without reward. The latter is the predicament of the defendant. He undertook to carry the gold in question for the plaintiff, gratuitously, from New York to Providence, and he is not responsible unless he has been guilty of gross negligence. Nothing in this case arises out of the personal character of the defendant, as broker. He is not shown to be either more or less negligent than brokers generally are; nor if he was, is that fact brought home to the knowledge of the plaintiffs. They confided the money to him as a broker of ordinary diligence and care, having no other knowledge of him; and, therefore, no question arises as to what would have been the case, if the plaintiffs had known him to be a very careless or a very attentive man. Jones, Bailm. 46. The language of the books, as to what constitutes gross negligence, or not, is sometimes loose and inaccurate from the general manner in which propositions are stated. When it is said, that gross negligence is equivalent

to fraud, it is not meant, that it cannot exist without fraud. There may be very gross negligence in cases where there is no pretence that the party has been guilty of fraud; though certainly such negligence is often presumptive of fraud. In determining what is gross negligence, we must take into consideration what is the nature of the thing bailed. If it be of little value, less care is required, than if it be of great value. If a bag of apples were left in a street for a short time, without a person to guard it, it would certainly not be more than ordinary neglect. But if the bag were of jewels or gold, such conduct would be gross negligence. In short, care and diligence are to be proportional to the value of the goods, the temptation and facility of stealing them, and the danger of losing them. So Sir William Jones lays down the law: "Diamonds, gold, and precious trinkets," says he, "ought from their nature to be kept with peculiar care, under lock and key; it would, therefore, be gross negligence in a depositary to leave such deposit in an open antichamber; and ordinary neglect, at least, to let them remain on the table, where they might possibly tempt his servants." Jones, Bailm. 38, 46, 62. So in Smith v. Horne, 2 Moore, C. P. 18, it was held to be gross negligence in the case of a carrier, under the usual notice of not being responsible for goods above £5 in value, to send goods in a cart with one man, when two were usually sent to see to the delivery of them. So in Rooth v. Wilson, 1 Barn. & Ald. 59, it was held gross negligence in a gratuitous bailee to put a horse into a dangerous pasture. In Batson v. Donovan, 4 Barn. & Ald. 21, the general doctrine was admitted in the fullest terms. It appears to me, that the true way of considering cases of this nature, is, to consider whether the party has omitted that care which bailees, without hire, or mandataries of ordinary prudence usually take of property of this nature. If he has, then it constitutes a case of gross negligence. The question is not whether he has omitted that care, which very prudent persons usually take of their own property, for the omission of that would be but slight negligence: nor whether he has omitted that care which prudent persons ordinarily take of their own property, for that would be but ordinary negligence. But whether there be a want of that care, which men of common sense, however inattentive, usually take, or ought to be presumed to take of their property, for that is gross negligence. The contract of bailees without reward is not merely for good faith, but for such care as persons of common prudence in their situation usually bestow upon such property. If they omit such care, it is gross negligence.

The present is a case of a mandatary of money. Such property is by all persons, negligent as well as prudent, guarded with much greater care, than common property.

The defendant is a broker, accustomed to the use and transportation of money, and it must be presumed he is a person of ordinary diligence. He kept his own money in the same valise; and took no better care of it than of the plaintiffs'. Still if the jury are of opinion, that he omitted to take that reasonable care of the gold which bailees without reward in his situation usually take, or which he himself usually took of such property, under such circumstances, he has been guilty of gross negligence.

Verdict for the plaintiffs for $5700, the amount of one bag of the gold; for the defendant as to the other bag.