## JOTHAM STORER vs. MOSES GOWEN.

It is a principle well settled, that the admissions of a party, when given in evidence, must be taken together, as well what makes in his favor as against him. Both are equally evidence to the jury, who will give to every part of the testimony such credence as it may appear to deserve.

A bailee of goods without reward, to be carried from place to place, is responsible only for gross negligence; that is, a want of that care which men of common sense however inattentive, usually take, or ought to be presumed to take of their property.

Whether there has or has not been gross negligence, is a question of fact for the decision of the jury.

EXCEPTIONS from the Western District Court, WHITMAN J. presiding.

Storer *v.* Gowen.

Assumpsit for money had and received. The plaintiff claimed to recover the sum of $70, alleged to have been enclosed in a letter, *June* 25, 1837, and delivered by him to the defendant, to be carried to *Somersworth*, and there to be left with a *Capt. Varney*, or his wife, for *Kelsey & Rundlet*, of *Portsmouth*, but by the defendant converted to his own use.

*Varney*, it was proved, was master of a packet plying between *South Berwick* and *Portsmouth*, and in the habit of carrying packages and letters. *Varney* and his wife, and the only girl belonging to the family, testified that they had never received any letter or package of the kind, and had never seen one of that description. The plaintiff offered evidence of the admissions of the defendant, tending to show that he received of the plaintiff a letter enclosing $70, and well understood that it contained that sum, to be carried by him to *Somersworth*, in which admissions he also stated that he delivered the letter and its contents to a young woman or girl, and pointed out as the girl the same who was afterwards the witness ; that she came to the door on his knocking at the house of *Varney ;* that he delivered the letter to her, at the same time seeing *Mrs. Varney* sitting in the kitchen. It was in evidence, that at that time a child of *Varney's* was quite sick, and that the neighbors were in and out in the course of the day. The defendant also introduced evidence tending to prove the admissions of the plaintiff, that he directed the defendants to leave the letter with *Varney* or at his house. There was no evidence that *Gowen* did receive or was to receive compensation for carrying the letter, or the contrary. The money was not delivered to *Kelsey & Rundlet*.

The counsel for the defendant requested the Judge to instruct the jury, that the admissions of *Gowen*, made at one and the same time, must be taken together, and were evidence for as well as against him, when offered in evidence by the plaintiff. The Judge " declined so to instruct them, and did instruct them upon this point, that the admissions of the defendant were good against him, but that such parts as he at the same time stated in favor of himself, were not evidence in his favor, unless supported by other proof." The same counsel also contended, that a bailee without recompense was responsible only for gross negligence, and request-

ed the Judge to instruct the jury, that if they believed that *Storer* directed *Gowen* to deliver the letter to *Capt. Varney*, or to leave it at his house, the defendant would be justified in delivering it to a young woman or girl like the one described by him in his admissions, if he saw *Mrs. Varney* in the house at the same time. The Judge declined to give the requested instruction, and did instruct them, that if the defendant delivered the letter to a girl under such circumstances without being sure she was one of the family, it was at his own peril; and that the delivery of a letter to a girl of ten or eleven years of age, if not one of the family, though he saw *Mrs. Varney* in the house, was gross negligence, for which he was responsible, as it would have given him but very little additional trouble to have delivered the letter to *Mrs. Varney* herself. The verdict was for the plaintiff, and the defendant filed exceptions.

*Appleton*, for the defendant, contended, that the instructions requested should have been given, and that those actually given were clearly wrong; and cited 1 *Phil. Ev.* 84; 2 *Stark. Ev.* 48; *Carver* v. *Tracy*, 3 *Johns. R.* 427; *Fenner* v. *Lewis*, 10 *Johns. R.* 38; *Credit* v. *Brown, ib.* 365; *Hopkins* v. *Smith*, 11 *Johns. R.* 161; *Wailing* v. *Toll*, 9 *Johns. R.* 141; *Story on Bailments*, 3, 11, 125; *Tracy* v. *Wood*, 3 *Mason*, 132; *Beardslee* v. *Richardson*, 11 *Wend.* 25; *Coggs* v. *Barnard*, 2 *Ld. Raym.* 909. He also contended, that assumpsit will not lie for a misfeasance of this kind. 11 *Wend.* 25. To support such action, there should have been a special count.

*D. Goodenow*, for the plaintiff, contended, that the District Judge committed no error, in refusing to give the instructions requested, or in giving such as he did. 5 *Mass. R.* 10, 104; 1 *Greenl.* 17; 15 *Mass. R.* 225.

But if there was any error in the instructions given, or if the Judge decided a question properly for the jury, the Court will not set aside the verdict, if it was right upon the facts. *McDonald* v. *Trafton*, 15 *Maine Rep.* 225.

The opinion of the Court was drawn up by

WESTON C. J. — It is a principle well settled, that the admissions of a party, when given in evidence, must be taken together, as well what makes in his favor as against him. Both are equally

evidence to the jury, who will give to every part of the testimony such credence, as it may appear to deserve. The presiding Judge erred in instructing the jury, that the admissions of the defendant were good evidence against him, but that what he said at the same time in his favor, was not evidence, unless supported by other proof.

It is not alleged, nor did it appear in proof, that the defendant was to have any compensation. As services of this kind are generally gratuitous, it may admit of great doubt, whether a promise, on the part of the plaintiff to make compensation, can be implied.

Assuming that the defendant was to have no reward, it presents a case of what the law calls a mandate, which is a bailment of goods without reward, to be carried from place to place, or to have some act performed about them. In such case the bailee, or mandatary, is responsible only for gross negligence. *Story on Bailments,* § 174, 175. The care required in a bailment of this kind, will depend much upon the nature of the goods delivered. If money is delivered, it is to receive more care than common property. *Tracy* v. *Wood,* 3 *Mason,* 132. *Story J.* there says, " that where there is a want of that care, which men of common sense, however inattentive, usually take, or ought to be presumed to take of their property, that is gross negligence." How much care will, in a given case, relieve a party from the imputation of gross neglect, or what omission will amount to the charge, is necessarily a question of fact, depending upon a great variety of circumstances, which the law cannot exactly define. *Story on Bailments,* § 11. It was the province of the jury, and not of the court to decide the question whether gross negligence was, or was not, proved in this case. The presiding Judge erred, in taking this upon himself.

No question is presented, in these exceptions, as to the form of the action.

*Exceptions sustained.*