TotteN, J.,
delivered the opinion of the court.
Action on the case. In January, 1851, the plaintiff in error, Jenkins, being commander and owner of the steamboat Jamestown, then on a trip from Nashville to New Orleans, received the plaintiff Motlow on board as a passenger to New Orleans. The defendant in error deposited with the clerk of the boat $650 in gold, and one Oliver, his companion, made a similar deposit of $1,188 50.
When the boat arrived at New Orleans, the safe in which the money was deposited was opened and the money stolen. The plaintiff was to pay for his passage, but it was understood that no extra or special charge was made for carrying his gold. This suit was instituted to recover the lost money. There is much proof as to the circumstances attending the deposit; the condition of things at the time of the arrival of the boat at New Orleans; the danger of the robbery, and the loss of the money in the present case; but we do not deem *251 it necessary to detail it, as tbe evidence is sufficient under tbe rule of this court to support tbe verdict.
His Honor tbe Judge, instructed tbe jury tbat if tbe plaintiff in error was to carry tbe money without reward, be was liable only as a mandatary, and stated tbe degree of diligence wbicb tbe law: imposed on a bailee of tbat kind. He said, “there are three degrees of diligence required in tbe law; there is a high degree, a common degree, and a slight degree; and a mandatary was liable only for gross negligence, and illustrated tbe subject by reference to cases in a work on bailments.
Tbe jury found tbe following verdict in writing: “We of tbe jury bold tbat tbe defendant is liable to tbe plaintiff as mandatary or depository, and tbat having failed to use ordinary diligence under tbe circumstances, we find for tbe plaintiff six hundred and thirty dollars, with interest, as damages,' making in all $110 50.
On this verdict there was judgment for tbe plaintiff, and defendant appealed in error.
Tbe error assigned is, tbat tbe verdict of tbe jury bolds tbe defendant bound to a higher degree of diligence than tbat wbicb tbe law imposed upon him as mandatary.
Now, we may observe that this is not a special verdict wbicb finds tbe facts, and submits tbe question of law thereon to tbe court. It states no facts, but a general conclusion, with some reasoning thereon, tbat tbe defendant is liable, and tbat reasoning in a technical sense, may be incongruous and erroneous; but does tbat prove tbat tbe general finding is erroneous?
We have seen tbat tbe evidence was sufficient to support tbe verdict, under tbe well settled rule of tbe *252 court; tbe instructions given by tbe judge are technically and strictly correct. He stated to them that a mandatary was bound to slight diligence, and liable only for gross negligence, and illustrated the subject in a clear and ample manner. Tbe jury say that defendant, a mandatary, did not use “ordinary diligence under tbe circumstances.”
Ve do not suppose that in tbe use of-this phrase, tbe jury bad reference to technical distinctions, which to their minds were not very obvious or tangible. The question was, whether the plaintiff in error, under the circumstances, was guilty of culpable negligence? That is, in technical phrase, whether be was guilty of “gross negligence?” It is conceded in many of the cases 'that this expression has no very precise or definite meaning. Thus in Hinton vs. Dibbon, 2 Adol. and Ell., 646. Denman, C. J., says it may well be doubted whether between “gross negligence” and negligence merely, any intelligible distinction exists. So in Wilson vs. Butt, 11 M. & Weld., 113. Rolf, B., remarks: “ I can see no difference between negligence and gross negligence; that it was the same with tbe addition of a vituperative epithet.” So in Tracey vs. Wood, 3 Mason, 132: Tbe court said that gross negligence is the want of that care which unpaid bailees of ordinary prudence usually take of bailed property, and the jury were instructed to consider whether the party used such diligence as a gratuitous bailee ought to use, under such circumstances. Angel on Carriers, S. 31; and so Mr. Kent, a gratuitous bailee is liable, if he be “wanting in fidelity, or in that ordinary care applicable to his situation, character *253 and circumstances wbicb is evidence of it.” 2 Kent, 567.
In Kirtland, vs. Montgomery, 1 Swan’s R.. 457, tbe court say, tbat “as a general rule a mandatary, whose engagement is merely gratuitous, is bound only to ordinary diligence, and liable only for gross neglect or a breach of good faith. It is, however, a well settled rule, that if a mandatary enter upon the execution of the business entrusted to him, he is bound to use a degree of diligence and attention adequate to the performance of his undertaking, if he do not and damage ensue, he is liable to the mandator for his misfeasance.”
The word ordinary in this extract, is not technical or correct, but the rule as to the liability of a gratuitous bailee is clearly and truly stated. In that case the court further say, the question is whether the defendant who had undertaken to deliver the package, used a degree of diligence and attention adequate to the performance of the trust? Now, in the present case, the defendant having undertaken to carry the money, was bound to use a degree of diligence and attention adequate to the performance of the trust, and in the words of Mr. Kent, if he were wanting in that “ ordinary care applicable to his situation, character and circumstances,” he was guilty of negligence and is liable to make indemnity to the plaintiff.
We see no reason to doubt, but that it was in this sense the case was considered by the jury, when they say, “ the defendant failed to use ordinary diligence under the circumstances.”
The circumstances alluded to by the jury, show that the boat was in imminent danger of robbery. There *254 was a vast concourse of visitors in tlie city. Two boats near tbe Jamestown bad just been robbed; other robberies were committed in the city. Suspicious persons were on the boat, when it arrived and had gone into the city. The thief entered the boat in the day, opened the safe, and went out on the levee side, where the officers were engaged on the levee, the extra watch employed for the boat was no where to be found, and was not examined as a witness. These are some of the circumstances, in view of which the jury say, the defendant failed to use ordinary diligence to keep the funds, which the plaintiff for greater security had entrusted to his care.
We are of opinion that the judgment ought to be affirmed.
Judgment affirmed.