Gustavus Skelley, Plaintiff in Error, *v.* Solomon Kahn, Defendant in Error.

### ERROR TO LOGAN.

A bailee without reward, is required to use such care and discretion in the performance of a duty, as may be expected of all men of common prudence in their own affairs; and will be liable only for bad faith or gross negligence.

If he undertake to convey or pay money, he is bound to perform his undertaking, with the care and responsibility incident to such an obligation.

The question of negligence, is a question of fact, to be passed upon by the jury.

This was a suit brought originally by the plaintiff in error, before a justice of the peace of Logan county, and taken up by appeal, by the defendant in error, to the Circuit Court of that county, and tried by Davis, Judge, without the intervention of a jury, at April term, 1854, of the Logan Circuit Court. The record shows that the plaintiff in error, who was sub-mail contractor, placed in the hands of the defendant in error $30, to give to a Mr. Sartain, who was the principal contractor—this sum of money being due from the plaintiff in error to "Sartain." A boy in the employment of "Sartain," who was carrying the mail for him from Waynesville to Middletown through Postville, of which latter office defendant in error was postmaster, called upon defendant before the money had been deposited by plaintiff, and told him he had been authorized by "Sartain," to get the money. Defendant informed plaintiff of this fact, to which he replied that he had not then collected the money, but would do so soon, and did do so, and gave it to defendant before the boy made his next trip. He made no objection whatever to defendant giving the money to the boy. Defendant gave the money to the boy when he made his next trip, and informed plaintiff that he had done so, to which he replied that it was all right, or words to that effect. After the boy received the money he went to Middletown, the end of the route, and there left the mail bags, and has not since been heard of.

Some time after it was ascertained, that the boy had absconded, plaintiff demanded the money of defendant, and upon his refusal

to pay it, sought to make him liable in a suit. The court below, decided that appellee was not liable, and gave judgment against the plaintiff below for costs of suit, which decision has been assigned as error and the cause brought to this court.

SCATES, C. J. The undertaking of the defendant, was gratuitously to carry the money to Sartain to whom it belonged; designated in the law of bailments as a *mandatum*, and under which there may be a simple custody, or labor in carrying, or other character. Whether under that law, the bailee would, or would not, under any circumstances be liable for non-feasance of a bailment once undertaken, from which the bailor might be damaged, as a failure to present bills for acceptance or payment, and give notice, &c., I shall not here inquire, as the defendant did not decline to act. But the question arises upon the manner in which he performed the act. The general principle laid down on this subject is applicable to this case; and there is little or no controversy as to what that principle requires.

A mandatary or bailee, who undertakes, without reward, to take care of the pledge, or perform any duty or labor, is required to use in its performance such care as men of common sense and common prudence, however inattentive, ordinarily take of their own affairs, and they will be liable only for bad faith, or gross negligence, which is an omission of that degree of care. *Tracy et al.* v. *Wood*, 3 Mason R. 132; 2 Kent Com. 568 to 573; 17 Mass. R. 479; 8 Metcalf R. 91; Story on Bailments, Secs. 174, 175; 2 Hawk. N. C. R. 145; *Doorman* v. *Jenkins*, 2 Adolph. and Ellis R. 256; *Coggs* v. *Bernard*, Ld. Raymd. R. 909; 11 Wend. R. 25; 14 Serg. and Rawl. R. 275.

If the mandatary undertake to carry or pay money, or transmit it, and the money is delivered to him for that purpose, he is bound to perform his undertaking, under the degree of care required, and subject to the degree of responsibility attached to such an undertaking. Story on Bailments, Secs. 171*a*, 171*b*, 171*c*; 11 Wend. R. 25.

Whether there is gross negligence or not, seems to be a question of fact, for a jury upon all the circumstances; Story Bail. Sec. 174, notes; and the line of distinction, between what is and what is not sufficient diligence in the bailee, under the circumstances, is nice and difficult to draw. See Jones on Bailments 62. *Rendberg's case*, 6 Rob. R. 142, 155; *Tracy* v. *Wood*, 3 Mason R. 132.

The difficulty in this case, is not in the principles of law which govern, but in the facts; and this is made more apparent, by the fact that the issue has been found in favor of such party.

From the view we take of the facts, we cannot sustain the finding of the court. But by no standard of common prudence in common affairs, can we say, that it was not gross negligence to hand money to a strange boy, and especially under the suspicious circumstance that he had demanded all the money coming to his employer from defendant's post office, within three or four days after he commenced carrying the mail.

Had Sartain usually, or ever, sent for money in that way before, or without sending the drafts, or an order, this conduct might not have appeared so gross; but the contrary is in proof; and such seemed to have been the effect upon the postmaster at Kickapoo, who demanded a draft or an order. If the defendant was imposed on by these circumstances, and the simple fact that the boy was employed as mail rider, he has shown a degree of stupidity and carelessness at variance with all prudence. It is true, the money might have been safely carried by the boy, but there was not one circumstance to warrant any one having the slightest degree of prudence, to rely upon or expect it.

There is nothing shown in the plaintiff's conduct, assenting to any more than what defendant recommended by his own conduct in the matter.

If we could feel satisfied upon any view of defendant's case in this matter, we should affirm the judgment. But we cannot, and therefore the judgment must be reversed and the cause remanded for another trial.

*Judgment reversed.*

CATON, J. I think this judgment should be affirmed.