## THOMAS E. PATTISON, Respondent, *v.* THE SYRACUSE NATIONAL BANK, Appellant.

*National bank — may receive securities as a gratuitous bailee — liability of the bank if they are lost through its gross negligence.*

A national bank has power to agree to receive, as a gratuitous bailee, securities to be deposited in its vault for safe keeping, and is liable to the depositor thereof if such securities are lost through its gross negligence.

APPEAL from an order denying a motion by the defendant for a new trial, made upon the minutes of the justice before whom the action was tried.

*D. Pratt*, for the appellant.    The bank had no authority under its charter to transact the business of receiving deposits of specific articles gratuitously.    (Brice on Ultra Vires, 28–34; *Beaty* v. *Knowles*, 4 Pet., 152; *Pearce* v. *Madison, etc., R. R. Co.*, 21 How., 440; *The People* v. *The Utica Ins. Co.*, 15 J. R., 358; *Halstead* v. *Mayor of New York*, 3 Com., 430; *Hood* v. *N. Y. and N. H. R. R. Co.*, 22 Conn., 502; *Chicago Building Society*, 65 Ill., 458; *De Graff* v. *Ames Lin. Thread Co.*, 21 N. Y., 127, 128; *Parish* v. *Wheeler*, 22 id., 503; *Bissell* v. *M. S. and N. I. R. R. Co.*, id., 288; *Head & Amory* v. *The Providence Co.*, 2 Cranch, 127, per Ch. J. MARSHALL; *First Nat. Bk. of Lyons* v. *The Ocean Nat. Bk.*, 60 N. Y., 278; *Wiley* v. *The Bk. of Brattleboro*, 47 Vt. R., 546; *Lloyd* v. *West Branch Bk.*, 15 Penn., 172; see Bankers' Magazine, Dec., 1867, p. 453; see, also, *Bullard* v. *Bank*, 18 Wal., 589.)    The negligence which will, in cases of gratuitous bailment, make the bailee liable for the loss, consists in that want of care which a man of common sense, though heedless and careless, would observe in his own business.    (Story on Bailment, § 64; Jones on Bailment, 8, 49, 118; *Tompkins* v. *Saltmarsh*, 14 Serg. & R., 275; Story on Bailment, § 65, and notes ; Digest Lib., 16, tit. 3, chap. 32; Justinian's Inst. Lib., 3, tit. 15; Pothier's Pandects Lib., 16, tit. 3, § 25; 1 Domat, b. 1, tit. 7, § 3, arts. 2, 3; Jones on Bailment, 8, 10, 46, 119; Addison on Contracts, 524; Kent's Com., 560, 562, and notes; *Coggs* v. *Bernard*, 2 Ld. Raym., 909, 914; *Shultz* v. *Blackburn*, 1 H. Blackstone, 158 ; *Foster* v. *Essex Bk.*, 17 Mass., 479; *Whitney* v. *Lee*, 8 Metc., 91; *Smith* v. *Nat. Bk. of Westfield*, 99 Mass., 611; *Lloyd* v. *The West Branch Bk.*, 15 Penn., 172; *Scott* v. *Nat. Bk. Chester Valley*, 72 id., 471; *Laforge* v. *Martin*, 11 Lou. Ann. R., 462; *Mech. and Trad. Bk.* v. *Gordon*, 5 Lou. R., 604; *Anderson* v. *Foreman*, Wright's Ohio R., 595; 18 Geo. R., 495, 513; *Stanton* v. *Bell*, 2 Hawks, 195; *McKay* v. *Hamblin*, 46 Miss., 472; *Spooner* v. *Mattison*, 46 Vt., 300; *Geblin* v. *McMillen*, 5 Moore [N. S.] P. C., 434.)    As the degree of negligence neces-

sary to make a gratuitous bailee liable must be so gross as to raise an imputation of fraud and a want of good faith, it follows as a corollary that, if he takes the same care of the deposit which he takes of his own valuables, he cannot be made liable. This rule is copied from the civil or Roman law. (Inst. of Justinian Lib., 3, tit. 15, § 3; Pandect's Lib., 16, tit. 3, ch. 20, 32; Pothier traits du dep., notes 23, 24; Domat Lib., 1, tit. 7, § 3, notes 2, 3.) The same rule was adopted early into the common law. (Bracton Lib., 3, ch. 2, § 1; Jones on Bailment, 22, 23, 31, 32, 46, 47; Kent's Com., vol. 2, 560, 562, 563; Edwards on Bailment, 68, 69, 71.) The same rule is adopted in many of the States, and is repudiated in none of them. (*Foster* v. *Essex Bk.*; *Whiting* v. *Lee; Smith* v. *Nat. Bk. of Westfield; Tompkins* v. *Saltmarsh; Loyd* v. *West Branch Bk.; Scott* v. *Nat. Bk. of Chester Valley; Anderson* v. *Foreman; McNabbs* v. *Lockhart; Mech. and Trad. Bk.* v. *Gordon; McKay* v. *Hamblin; Spooner* v. *Mattison* cited *supra*.) If the robbery was committed by an employee, the bank would not be responsible. (*Foster* v. *Bk. of Essex; Scott* v. *Nat. Bk.; Smith* v. *Bk. of Westfield; First Nat. Bk. of Lyons* v. *Ocean Nat. Bk.; Giblin* v. *McMillen* cited *supra*.)

*George F. Comstock,* for the respondent. An incorporated bank can receive a special deposit, and be bound to return it. (*Marine Bk.* v. *Fulton Bk.*, 2 Wallace, 252, 256; Encyclopedia Americana, vol. 1, "Bank;" *Foster* v. *Essex Bk.*, 17 Mass., 479; *First Nat. Bk. of Carlysle* v. *Graham*, 4 Weekly Notes of Cases [Pa.], 205, decided by Sup. Ct. of Penn'a in June, 1877; *S. C.*,85 Penn. St., 91; also, in 16 Albany Law Jour., 95; see, also; *Van Lenuen* v. *First Nat. Bk. of Kingston*, 54 N. Y., 671; 61 Me., 369; *Jencks* v. *The First Nat. Bk. of Port Jervis* [Ct. App., 1877], 69 N. Y, 382.) The question of gross negligence was properly submitted to the jury. (*Doorman* v. *Jenkins*, 2 Ad. & Ellis, 256; *Tracy* v. *Wood*, 3 Mason, 132; *Wilson* v. *McIntosh*, 1 Starkie [N. P. C.], 237; *Clark* v. *Earnshaw*, 1 Gow., 30; Whart. on Negligence, § 240; *Stout* v. *R. R. Co.*, 17 Wall., 657; *Dearborn* v. *Un. Nat. Bk.*, 61 Me., 369; *Erie Bk.* v. *Smith et al.*, 3 Brewster [Pa.], 9; *First Nat. Bk. of Carlisle* v. *Graham*, 4 Weekly Notes [Pa.], 205 [Aug. 1, 1877]; 85 Penn. St., 91; *Storer* v. *Gowen*, 6 Shep-

lcy [Me.], 174; *Mytton* v. *Cock*, 2 Strange, 1099; 3 Bingham's New Cases, 468; *The Phil. and R. R. R. Co.* v. *Spearem*, 47 Penn. St., 305; *Westchester, etc.; R. R. Co.* v. *McElwee*, 67 id., 315; *Bernhardt* v. *Sar., etc., R. R. Co.*, 23 How. Pr.: *Ernst* v. *Hud. R. R. R. Co.*, 35 N. Y., 39; 38 id., 49; 50 id., 23, 26; *Booth* v. *Wilson*, 1 Barn. & Ald., 59; §§ 461, 462, 463, 465, 468; Whart. on Negligence ; *The Third Nat. Bk. of Baltimore* v. *Boyd*, 44 Maryland, 47, in error ; *Griffith* v. *Zipperwick, etc.*, 28 Ohio St., 388; *Moore* v. *Westcott*, 21 N. Y., 103; *Mattison* v. *N. Y. C. R. R. Co.*, 62 Barb., 364; *Hume* v. *Mayor, etc.*, 47 N. Y., 639; *Gillespie* v. *Newburg*, 54 id., 468; *Malloy* v. *N. Y. C. R. R. Co.*, 58 Barb., 182; *Keating* v. *N. Y. C. R. R. Co.*, 49 New York, 673.)

TALCOTT, P. J.:

This is an appeal from an order denying a motion for a new trial after a verdict at the Onondaga Circuit.

The action was brought for the conversion by the defendant of certain securities which had been left with the defendant's teller, to be deposited in the vault of the defendant for safe keeping as a gratuitous bailee. The action was once before tried, when the plaintiffs were nonsuited, and, on exceptions sent to the General Term in the first instance, a new trial was granted in this court, upon the ground that certain questions of fact should have been submitted to the jury ; and, among others, the question whether the deposit was received by the teller in his individual capacity, or whether, in receiving it, he was acting for and in behalf of the bank. (See the case reported, 4 N. Y. Sup. Ct. [T. & C.], 96, and 1 Hun, 606.) On the second trial, this question was left to the jury, and they must be deemed to have found that the teller, in receiving the custody of the package, acted in his official capacity as teller of the bank, and that the contract of bailment was with the bank, and not with the teller individually. (See *Yerkes* v. *Nat. B'k of Port Jervis*, 69 N. Y., 382.) This court, therefore, must necessarily have passed upon the question that such a bank could make itself liable by the receipt of such a deposit by its properly authorized agent or officer.

The bank set up, in defence of the action, that the plaintiff's

package was feloniously stolen from the bank, without its fault or negligence.

The court had instructed the jury that, if they were satisfied that the package was lost, without the gross neglect of the defendant, then the defendant was entitled to their verdict, and discussed at some length what constituted gross negligence, and to the instructions of the learned judge on this subject no exception appears to have been taken by the defendant's counsel. That a gratuitous bailee is liable for the loss of a special deposit seems to have been agreed to in the opinion of Judge ALLEN in the case of the *First Nat. B'k of Lyons* v. *The Ocean Nat. Bk.* (60 N. Y., 278), although Judge ALLEN thought, in that case, that the receiving of special deposits having been outside of the ordinary business of the bank, it was not within the scope of the general powers or apparent authority of its executive and ministerial offices to bind the bank by a contract for such a bailment.

The opinion of Judge ALLEN, however, was not adopted by a majority of the court, which only concurred in the result.

There was evidence to go to the jury tending to show that the robbery of the bank, on the occasion when the plaintiff's package was alleged to have been lost, must have been occasioned by the gross negligence and inattention to their duties of the officers of the bank. The presumption was that the robbery must have occurred during banking hours, and was committed by some person who came into the bank and stole the package, together with some money of the bank, and walked out again without detection. It is unnecessary to state all the evidence and circumstances tending to show that the robbery could only have been suffered through the gross negligence of the officers and employees of the bank. Suffice it to say that, in our opinion, there was evidence to go to the jury on the subject, and that tribunal was the proper one to determine the question of fact. (*Doorman* v. *Jenkins*, 2 Adol. & Ellis, 256; *Tracy* v. *Wood*, 3 Mason, 132; *Wilson* v. *McIntosh*, 1 Stark. [N. P. C.], 237; *Dearborn* v. *The Un. Nat. Bk.*, 61 Me., 369; *Erie Bk.* v. *Smith et al.*, 3 Brewster [Pa.], 9; Whart. on Negligence, § 240.)

We think, therefore, that the order refusing a new trial was correct.

Order refusing new trial affirmed.

Smith, J., concurred ; Hardin, J., not sitting.

Ordered accordingly.