## EUGENIE DE R. RICE

v.

## THE ILLINOIS CENTRAL RAILROAD COMPANY.

|    |    |
|----|----|
| 22 | 643 |
| 79 | 326 |
| 22 | 643 |
| 107 | [1]139 |
| 107 | [5]139 |

*Carriers—Action to Recover Damages for Personal Injuries and Loss of Baggage—Questions for Jury—Motion to Exclude Plaintiff's Evidence—Pass—Error in Name—Fraud—Baggage—Bailment—Presumptions.*

1. Where inferences of fact are to be drawn from the evidence they must be so drawn by the jury.

2. A motion to exclude plaintiff's evidence, like a demurrer to evidence, admits all that it tends to prove, and when the evidence tends to support two theories, one favorable to the plaintiff and one antagonistic to him, the court should deny the motion and submit the evidence to the jury.

3. Where a common carrier undertakes to carry baggage without reward it is liable only as a gratuitous bailee for bad faith or gross negligence.

4. Where a bailment and injury to goods while in the hands of a bailee are proved, the law presumes negligence and imposes upon the bailee the burden of showing the degree of care required by the nature of the bailment.

5. In the case presented, it is *held:* That the nature of the accident as proved was such as to raise a presumption of negligence against the defendant; that the fact that the plaintiff was traveling on a pass does not of itself relieve the defendant from liability; that whether the plaintiff was a trespasser on the defendant's train was a question for the jury, a slight error or difference in the name appearing on the pass not being conclusive of fraud on the part of the plaintff; that whether the degree of negligence of the defendant was such as to render it liable for damages to plaintiff's baggage was a question for the jury; and that the court below erred in sustaining the motion to exclude the plaintiff's evidence.

## [Opinion filed July 13, 1887.]

IN ERROR to the Circuit Court of Cook County; the Hon. JOHN C. BAGBY, Judge, presiding.

Statement by MORAN, J. This action was brought by plaintiff in error to recover for personal injuries sustained and for the loss of certain baggage caused by the reason of an accident on the defendant's railroad, alleged to have occurred while said plaintiff was being transported as a passenger thereon. The evidence introduced by plaintiff tended to show that she was riding in the cars of defendant and over the defendant's road on a journey from Chicago to New Orleans. She had paid for a sleeping berth and was occupying it at the time of the accident, which occurred at night. The bridge over a creek at Duck Hill, Mississippi, was broken down, the baggage car and two others being precipitated into the water and the plaintiff's baggage injured by wetting.

The car ahead of the one in which plaintiff was sleeping was derailed, and by the shock to the sleeper plaintiff's arm was injured. Plaintiff had, as she testified, procured through a friend a pass over the defendant's road from Chicago to New Orleans, and on exhibiting the pass to the baggage agent in Chicago her baggage was checked and placed on the train.

She further testified on cross-examination that there was a mistake in making out the pass which she did not discover till well on her way, when upon exhibiting the pass to the conductor, she found that it was written for "Mrs. E. Price" instead of Mrs. E. Rice. She said nothing to the conductor about the mistake of the name and he seems to have assumed that she was the person named in the pass.

There was much evidence relating to the amount of damage to the baggage n ›t material to the question presented by the writ of error. When the plaintiff's evidence was closed the defendant moved to exclude all the evidence from the jury and the court granted the motion and instructed the jury to return a verdict for the defendant.

Messrs. SCHUYLER & KREMER, for plaintiff in error.

The law has never permitted the reward or compensation paid for the transportation of passengers to be a criterion or guide in measuring the carrier's responsibility for personal injuries to his passengers; but discarding all subtle reasoning tending to minimize the liability of public servants, takes the broad, expansive position that the care, vigilance and circumspection due the patron from the carrier depending not so much upon contract, or duty undertaken, as upon public policy, is a matter of public interest and concern ; and in order to effectuate and as it were vitalize the great principle underlying these considerations, will not examine whether it was a service for reward or gratuitous, but limits its inquiry to the simple question: Was the injured party a passenger—was he lawfully in the carrier's vehicle or conveyance when injured? O. & M. R. R. Co. v. Muhling, 30 Ill. 9 ; Todd v. The Railroad, 3 Allen, 18; N. Y. Central R. R. v. Lockwood, 17 Wall. 357; Penn. R. R. v. Henderson, 51 Pa. St. 315 ; Rose v. The Railroad, 39 Iowa, 246; Jacobus v. The Railroad, 20 Minn. 125; Flint, etc., R'y v. Wier, 37 Mich. 111; New World v. King, 6 How. 469; Perkins v. The Railroad, 24 N. Y. 196; Gt. N. R'y v. Harrison, 10 Exch. 376; Gillenwater v. The Railroad, 5 Ind. 339; Washburn v. The Railroad, 3 Head. 638; Nolton v. W. R. R. Corp., 15 N. Y. 444.

The presumption of law that every one on a railroad passenger train is there lawfully, casts upon the carrier the *onus* of proving that such person was a trespasser, where that fact is relied upon as a defense. Pennsylvania R. R. Co. v. Brookes, 57 Pa. St. 339; Creed v. Pennsylvania R. R. Co., 86 Pa. St. 139.

Intention is the basis of fraud; without intention and knowledge, law and morals alike exclude the idea of moral or legal wrong. Miller v. Howell, 1 Scam. 499; Warner v. Carlton, 22 Ill. 415; Nelson v. Smith, 28 Ill. 495; Henshaw v. Bryant, 4 Scam. 97; Boies v. Henney, 32 Ill. 130; Bowen v. Schuler, 41 Ill. 192; Gage v. Lewis, 68 Ill. 64.

The plaintiff is entitled to recover for her injured baggage, even if the services of the defendant were gratis.

"A mandatory or bailee who undertakes, without reward, to take care of the pledge, or perform any duty or labor, is required to use in its performance such care as men of common sense and common prudence, however inattentive, ordinarily take of their own affairs, and they will be liable only for bad faith, or gross negligence, which is an omission of that degree of care." Skelley v. Kahn, 17 Ill. 170, and authorities cited.

The evidence of this accident with resulting injury and unaccompanied by any evidence in rebuttal, is presumptive evidence of negligence, and whether from all the facts such negligence amounts to that degree which, under the rule laid down in these cases gives an action, is a question for the jury, and should in this case have been submitted to it. Skelly v. Kahn, 17 Ill. 170.

But the plaintiff was a passenger for hire. By the title conferred by a free pass the plaintiff boarded the defendant's train; when there she applied to the company for a more choice accommodation than she could have under the pass, viz, a berth in their sleeping car. For this additional accommodation the company's agent demanded and received from her the sum of $6.

This transaction changed the nature of the relations of the parties; it abrogated the pass and constituted Mrs. Rice a passenger for hire.

Mr. EDWARD RYAN WOODLE, for defendant in error.

There was no evidence proving, or tending to prove, that the plaintiff was lawfully on the defendant's train; on the contrary, the proof was clear that she was a trespasser on the train. The company was under no obligation to her whatsoever, either for the safe transportation of herself or her baggage.

The rule is well settled that, under such circumstances no recovery can be had, except for gross negligence, amounting to a wilful injury, and there was no proof of such negligence, nor in fact of any negligence on the part of the defendant or its agents, in the case. T., W. & W. R'y Co. v. Beggs, 85 Ill. 80; C. & A. R. R. Co. v. Michie, 83 Ill. 427.

It is urged that the plaintiff's own testimony shows facts and circumstances from which a *prima facie* presumption of negligence on the part of the defendant must arise. The proof, however, created by such evidence, is only inferential and presumptive. Curtis v. R. & S. R. R. Co., 18 N. Y. 534; P., C. & St. L. R'y Co. v. Thompson, 56 Ill. 138.

To establish the liability of the defendant for the loss of her baggage, it was incumbent upon the plaintiff to show that it received the same as a common carrier for hire. Hutchinson on Carriers, Sec. 57; F. & P. M. R. R. Co. v. Weir, 37 Mich. 111; M. C. R. R. Co. v. Carrow, 73 Ill. 348.

MORAN, J. The first question presented is, did the evidence tend to establish that the defendant company had been guilty of negligence? The evidence tended to show that the injury occurred to plaintiff by reason of a bridge on defendant's line of railway, over which plaintiff was being transported by defendant in its cars, giving way while the train was passing over it, so as to precipitate a portion of the cars composing the train into the creek and to derail other cars. The nature of the accident as proved was such as to raise a presumption of negligence on defendant's part, and to cast on defendant the burden of showing how the accident happened, and that it could not be prevented by the exercise of the greatest degree of diligence practicable under all the circum-

stances of the case. G. & C. U. R. R. Co. v. Yardwood, 17 Ill. 509; Curtis v. R. & S. R. R. Co., 18 N. Y. 534; Bowen v. N. Y. C. R. R. Co., 18 N. Y. 408.

The fact that the defendant railroad company was carrying the plaintiff gratuitously, or on a pass upon which, so far as the evidence in the record discloses, there were no conditions exempting the company from damages for injury resulting from its negligence, would not relieve it from the responsibility which the law from motives of public policy imposes on carriers of passengers generally. O. & M. R. R. Co. v. Muhling, 30 Ill. 9.

The two preceding propositions are not seriously controverted, but on the contrary are practically admitted by the counsel for appellee. The main contention urged by said counsel in support of the ruling of the court, is that it appeared from the testimony that the plaintiff was on defendant's train as a trespasser; that she was gaining transportation by practicing a fraud upon the company in passing herself for another. The pass by virtue of which she was riding on the train, it is said, was not issued to her but to " Mrs. E. Price," and therefore the company owed her no duty and are not liable to her for any injuries she may have received or losses she may have sustained. It is no doubt true that, if the plaintiff was in fact attempting to secure passage upon the defendant's train by presenting a pass which she knew was intended for another person, the company would in such case be liable to her only for damages caused by gross negligence amounting to wilful injury. T., W. & W. R. R. Co. v. Beggs, 85 Ill. 80. But the mere fact that the pass which she held was written as for " Mrs. E. Price" would not of itself justify the conclusion by the court, as a matter of law, that she was attempting to commit a fraud upon the company.

It was a question for the jury under all the evidence to determine whether or not she was upon the train in good faith and by virtue of a pass intended for her in fact, but in which the name " Price" was written by mistake. If such was the fact it could not be maintained that she was on the train as a traspasser. Fraud in such a case must be actual and depends

upon intent, and for a woman to go upon a train with a pass given to her by a friend who had undertaken to procure one for her, and to proceed a portion of her journey before discovering that there was what she supposed under the circumstances to be a mistake in writing the name in the pass "Price" instead of " Rice, " and then to go on without disclosing the supposed mistake, would, it seems to us, be entirely compatible with perfect honesty and good faith on her part.　But whether she was fraudulently taking the benefit of a pass issued to, and intended for another, or enjoying in honesty and good faith a privilege she thought intended for, and secured to herself, was, as we have before said, a question for the jury and not for the court.　Arnold v. Penn. Co., 8 Atlantic, 213 ; L. S. & M. S. R. R. Co. v. Rosenzweig, 9 Eastern Rep. 325.　Where inferences of fact are to be drawn from the evidence, they must be drawn by the jury.　So where the inference to be drawn is disputed, as where it may be contended as it is in this case that the facts will equally support one inference or another, the court is not at liberty on such ground to take the case away, but must submit it to the jury to determine which is the correct inference of fact to be drawn from the evidence.　Pa. R. R. Co. v. Werner, 89 Pa. St. 59; Schum v. Pa. R. R., 107 Pa. St. 8.

A motion to exclude evidence like a demurrer to evidence, admits all that the plaintiff's evidence tends to prove, and when the evidence tends to support two theories, one favorable to plaintiff and the other antagonistic to him, the court is not on such motion authorized to say which theory is proven, but should deny the motion and submit the evidence to the jury under proper instructions.　Poleman v. Johnson, 84 Ill. 269; L. S. & M. S. R. R. Co. v. O'Conner, 115 Ill. 254–261; Mass. v. White, 37 Mich. 126.

It is contended by counsel for defendant in error that no liability for the baggage of plaintiff, alleged to have been injured, was shown by the evidence. . Defendant in error received the baggage to carry without hire, and if it was so received without any fraud being practiced upon defendant, it was bound to the duties of a gratuitous bailee.　Such bailee is required to perform the labor undertaken with such care as men of common prudence, however inattentive, ordinarily

take of their own affairs, and will be liable only for bad faith or gross negligence, which is an omission of that degree of care. Skelley v. Kahn, 17 Ill. 170. The undertaking here was to carry the baggage from Chicago to New Orleans without reward. The delivery of the baggage to the c.rrier was shown, and it was also shown that the baggage-car fell through a bridge on defendant's line of road, and into the river or creek, and that the baggage was injured by being wet. From these facts negligence would be presumed, and whether the degree of negligence was such as would render defendant liable for the damages to the baggage, was a question for the jury to determine.

In Sturs v. Liverpool & N. Y. P. & S. Co., 57 N. Y. 1, baggage was delivered to the company under an agreement that they should not be liable for any damage except when the same should be proven to have occurred through gross negligence. Proof of the delivery of the baggage and its non-production at the end of the voyage was held to make out a case on which the jury might find gross negligence. By the rule adopted by the Supreme Court of this State, where the bailment and the injury to the goods while in the hands of the bailee is proved, the law will presume negligence on the part of the bailee, and impose on him the burden of showing that he exercised such care as was required by the nature of the bailment. Bennett v. O'Brien, 37 Ill. 250; Cumins v. Wood, 44 Ill. 416. If, therefore, plaintiff was not guilty of any fraud in being on or having baggage on the train, but by the consent of the company herself and baggage were being gratuitously transported in the defendant's care over its road, she would be entitled under the evidence in the record to recover the damages which she might succeed in showing she suffered by reason of the accident, as well to her baggage as to her person, unless the company proved that it had exercised the degree of care and diligence required by law under all the circumstances.

The Circuit Court erred in sustaining the motion to exclude plaintiff's evidence, and the judgment must therefore be reversed and the case remanded.

*Reversed and remanded.*