## CURTIS v. THE ROCHESTER AND SYRACUSE RAILROAD COMPANY.

In an action against a railroad company for an injury received by a passenger, no presumption of negligence arises from the mere fact that an accident has occurred.

But such companies being bound to keep their roads, carriages and all apparatus employed in working them, free from any defect which the utmost knowledge, skill and vigilance could discover or prevent, a presumption of negligence arises whenever it appears that an accident has resulted from a defect in the road, or any part of the apparatus employed in operating it.

The damages recoverable, for bodily pain and suffering, by a person injured by the negligence of another, are not limited to that incurred before the trial, but extend to such future suffering as the evidence renders it reasonably certain must necessarily result from the injury.

ACTION for damages received by a passenger on the defendant's railroad from the negligence of its servants. On the trial, before Mr. Justice JOHNSON, at the Cayuga Circuit, the evidence was that the train containing the plaintiff ran off the track at Waterloo, at a switch. The proof left it uncertain whether the switch was deranged, or the accident resulted from the spreading and breaking of the rails. There was no evidence that there was any visible defect in the apparatus prior to the accident. The plaintiff's ancle was wrenched and her leg bruised. A running sore or ulcer succeeded upon the bruised place, which continued running down to the time of the trial, nearly two years after the accident. There was considerable medical testimony in respect to the probability of the sores being healed at some future time, and as to the continued effect of the plaintiff's injuries in causing bodily pain and affecting her general health. The only exceptions were to the charge, and are sufficiently stated in the following opinions. The plaintiff had a verdict and judgment, which having been affirmed upon appeal at general term, the defendant appealed to this court.

*Alonzo C. Paige,* for the appellant.

*George Rathbun,* for the respondent.

SELDEN, J. The judge charged the jury in this case, " that the fact of *this* accident occurring was of itself presumptive evidence of negligence on the part of the defendants." If by this the judge is to be understood as saying that, in cases of this kind, evidence of the mere happening of an accident, resulting in injury to the plaintiff, without proof of any of the circumstances under which it occurred, establishes, *prima facie,* the charge of negligence, I am not prepared to assent to the proposition. Carriers of passengers are not insurers; and many injuries may occur to those

they transport for which they are not responsible. They are, for obvious reasons, held bound to exert the utmost care and vigilance to secure the safety of the passengers; and are responsible for the slightest negligence.

But injuries may often happen through the fault or misconduct of those whose acts are in no way chargeable to them. In traveling in stage coaches, upon ordinary roads, such injuries would be very frequent, because, in such cases, the proprietors of the coach do not construct the roads, nor control those who travel upon them. For a large portion of the accidents, therefore, which result from defects in the road or collisions with other vehicles the proprietors would not be liable.

The carrier, however, is in all cases bound to provide a safe and secure carriage for the transportation of the passengers; and nothing can exempt him from this responsibility, but the existence of some latent defect, which no reasonable degree of human skill and foresight could guard against; and this obligation extends to every species of appliance belonging to the carrier and used by him in the business in which he is engaged. Consequently, whenever it appears that the accident occurred through some defect in the vehicle, or other apparatus used by the carrier, a strong presumption of negligence arises, founded upon the improbability of the existence of any defect which extreme vigilance, aided by science and skill, could not have detected.

The cases in which the carriers would be exempt from responsibility would be far less frequent where the transportation is upon railroads than where it is upon common roads, because railroad companies have the entire control of the track, and of all engaged in its use. Still, accidents may occur from a multitude of causes, even upon a railroad, for which the company is not responsible. If obstructions are placed, by strangers, upon the road, either through accident or design, the company is not responsible for the consequences, unless its agents have been remiss in not discovering

Curtis *v.* Rochester and Syracuse Railroad Company.

them. The straying of cattle or horses upon the roads causes numerous accidents which are not chargeable to the company. If a drunken man falls asleep or a deaf man incautiously walks upon the road, in consequence of which a train is unavoidably thrown from the track, and a passenger is injured, he is without redress as against the company. So if a careless driver, in crossing a track, fails to get his vehicle out of the way of an approaching train. How then can it be assumed, without proof of any sort, when an accident has occurred, that it was caused by some carelessness on the part of the agents of the company, and not by any or either of these numerous causes?

In regard to the carriages and other apparatus used for the carrying of passengers, railroad companies are under the same obligation as that already alluded to in the case of the carrier upon common roads. They make and own their road, and have the exclusive control of that, and of every part of the machinery and apparatus used in connection with it. Passengers have no means of knowing nor any power of remedying its defects, but are forced to trust their lives and persons to the care and watchfulness of the agents of the company. The latter, therefore, is bound to see that the road and all its appurtenances are in perfect order and free from any defect which the utmost vigilance, aided by the highest degree of knowledge and skill, could discover or prevent.

Consequently, whenever it appears that the accident was caused by any deficiency in the road itself, the cars or any portion of the apparatus belonging to the company and used in connection with its business, a presumption of negligence on the part of those whose duty it was to see that every thing was in order, immediately arises; it being extremely unlikely that any defect should exist of so hidden a nature that no degree of skill or care could have foreseen or discovered it.

If it be said that upon the same principle upon which negligence is presumed in such a case it should be presumed in every case, on account of the high degree of improbability that a serious accident of any kind should occur, without some degree of negligence, the answer is plain; and to present this distinction is the object of most that has been said. There may be a presumption of negligence in every case, but, where nothing is known in regard to the cause of the accident, the negligence may as well have been that of some one residing in the vicinity of the road, or of some stranger, of whom numbers come in contact with it every day, as of any of the employees of the company; while if it appears that the mischief has resulted from a defect in some part of the apparatus of the company, the negligence, if any, must have been that of some one for whose acts and omissions the company is liable; it being well settled that the carrier is responsible for the negligence or want of skill of every one who has been concerned in the manufacture of any portion of its apparatus. (*Hegeman* v. *The Western Railroad Company*, 3 *Kern.*, 9; *Ware* v. *Gay*, 11 *Pick.*, 106; *Ingalls* v. *Bills*, 9 *Metc.*, 1.)

The cases in which it has been said that a presumption of negligence arises from the mere proof that an accident has occurred, will appear, if examined, not to conflict materially with these principles; and some of them are, I think, illustrative of the distinction just suggested. The leading cases on the subject, are those of *Christie* v. *Griggs* (2 *Campb.*, 79); *Stokes* v. *Salstonstall* (13 *Pet.*, 192); *Carpue* v. *The London and Brighton Railway Company* (5 *Ad. & El. N. S.*, 747); *Laing* v. *Colder* (8 *Barr*, 479).

In *Christie* v. *Griggs*, where Sir JAMES MANSFIELD is supposed to have laid down the proposition in question, it was proved that the injury was caused by the breaking of the axletree of the coach, upon the top of which the plaintiff was seated; and it was in view of this proof that the chief justice made the remark that "the plaintiff had made a

*prima facie* case by proving his going on the coach, the accident and the damage he had suffered." There is no doubt that, in such a case, negligence should be presumed for the reasons which have been given.

In the case of *Stokes* v. *Salstonstall*, which was also an action against the proprietors of a line of stage coaches, the court instructed the jury that the "facts that the carriage was upset and the plaintiff's wife injured, were *prima facie* evidence that there was carelessness, or negligence, or want of skill on the part of the driver; and threw upon the defendant the burden of proving that the accident was not occasioned by the driver's fault." Taken abstractly, this instruction, which was sustained by the court, might seem to be in conflict with the principles here contended for; but, if understood in reference to the proof, it is otherwise. The plaintiff had proved, not only the accident and the injury, but that the passengers had remarked that the driver appeared intoxicated, and so told the agent of the proprietors; that the road was perfectly level, and not dangerous or difficult; and that the reckless conduct of the driver had called out repeated remonstrances from the passengers, which were wholly unattended to. Here was ample proof of negligence, and the judge must have had these circumstances in view when he made his remarks to the jury. The happening of the accident, under the circumstances proved, was undoubtedly *prima facie* evidence of negligence.

The other two cases were actions for injuries upon railroads. In that of *Carpue* v. *The London and Brighton Railway Company*, it appeared that the position of the rails had been somewhat deranged, at the spot where the injury took place; and the chief justice charged the jury, that it having been shown that the exclusive management, both of the machinery and the railway, was in the hands of the defendants, it was presumable that the accident arose from their want of care, unless they gave some explanation of the

cause by which it was produced. This is in perfect accordance with the principles which have been here advanced.

*Laing* v. *Colder* is perhaps the strongest case in support of the doctrine against which we contend. When that case was heard *in banco*, BELL, J., said, "the *mere happening* of an injurious accident raises, *prima facie*, a presumption of neglect, and throws upon the carrier the *onus* of showing it did not exist." But the charge of the judge at the circuit upon which the question arose was not so broad. He instructed the jury that "in the *present* case the presumption was, there had been negligence," a charge fully justified by the proof, which was that the accident occurred while the car was crossing a bridge, which was so narrow that the plaintiff's hand lying outside the car window was caught by the bridge, and his arm broken. It was palpable negligence on the part of the company so to construct the bridge.

In no instance, that I am aware of, has it been said by any judge that negligence, on the part of the carrier, was to be presumed from the mere happening of an accident, except where the facts proved in the particular case fully warranted the presumption upon the principles here insisted upon.

The views here presented are, I think, sustained by the opinion of this court, in the case of *Holbrook* v. *The Utica and Schenectady Railroad Company* ( 2 *Kern.*, 236 ). RUGGLES, J., there says: " In actions like the present the burden of proving that the injury complained of was caused by the defendant's negligence lies on the plaintiff. The same rule applies as in an action for an injury to a passenger in a stage coach. It generally happens, however, in cases of this nature, that the same evidence which proves the injury done, proves also the defendant's negligence, or shows circumstances from which strong presumptions of negligence arise, and which cast on the defendant the burden of disproving it. For example, a passenger's leg is broken while on his passage

in a railroad car.   This mere fact is no evidence of negligence on the part of the carrier until something further be shown."

It does not follow from what has been said, that the judgment in this case is to be reversed for error in that part of the charge referred to.   The very first witness called by the plaintiff upon the trial proved enough of the circumstances of the case to warrant the presumption of negligence.   It was clear from his testimony that the accident was caused by some defect in the track, and in all probability by the misplacement of the switch.   It was immaterial, however, whether it was this, or the spreading of the rails, as the company sought upon cross-examination to show, which threw the train from the track.   In either case, the presumption of negligence would arise.   The judge was fully warranted in instructing the jury, that the occurrence of the accident, under the circumstances disclosed by the evidence, authorized the presumption of negligence.   Did he do more than this ?   He did not say to the jury, in the language of Judge BELL, in *Laing* v. *Colder*, that " the mere happening of *an* injurious accident" raises a presumption of negligence ; but his words were, that " the fact of *this* accident occurring," was presumptive evidence, &c.   The effect is attributed not to any and every accident, but to this particular accident.   A verdict like this, sustained as it is by ample evidence, ought not to be disturbed by a construction which would make the charge a mere abstraction, not called for by the exigencies of the case, provided any other interpretation is admissible.   There is no reason to suppose that the jury were misled.   They were carefully instructed, that if the injury was the result of pure accident, without any neglect of the defendants, the plaintiff could not recover, and under the view which has been taken, the charge, so far as the exception under consideration is concerned, may, I think, be properly sustained.

A question also arises upon that part of the charge in which the jury were told, that in estimating the damages,

they would be justified in taking into consideration "the bodily pain and suffering which the plaintiff suffered or *was likely to suffer*, in consequence of the neglect of the defendants." This instruction, in so far as it relates to future pain and suffering, is clearly erroneous; and if it had not been subsequently modified, the error would, I think, have been necessarily fatal to the judgment. There is no doubt that bodily pain and suffering is a proper item of damages in such cases. (*Ransom* v. *N. Y. & Erie R. R. Co.*, 15 *N. Y.*, 415.) Nor is the estimate necessarily limited to suffering which is past, where the proof renders it reasonably certain that future pain and suffering is inevitable. In estimating the pecuniary loss in such cases, all the consequences of the injury, future as well as past, are to be taken into consideration; and there seems to be no reason why a different rule should prevail in respect to bodily pain and suffering. But the objection to the charge is, that it authorizes an allowance of damages for future pain which is rendered probable merely. Damages are to be proved; and none can be allowed except such as are shown by the proof to be, at least, to a reasonable degree, certain. The error however, was corrected upon the trial. The judge, upon his attention being called to the point, further instructed the jury, " that future damages could only be awarded when it is rendered reasonably certain, from the evidence, that such damages will inevitably and necessarily result from the original injury." With this qualification, I see no objection to the charge on this subject, and this exception also should, therefore, be overruled.

The judgment should, I think, be affirmed.

GROVER, J.   August 7th, 1852, the plaintiff took passage in the defendants' cars at Geneva for Auburn. As the train was passing Waterloo, it ran off the track, and the plaintiff was injured. The court, among other things, charged the jury that the fact of this accident occurring was, of itself

presumptive evidence of negligence on the part of the defendants, and it lay with them to explain it and to prove that they were not negligent, in order to discharge them from liability to the plaintiff; to which the defendants excepted. The plaintiff was bound to prove her cause of action. That was, that she had received an injury caused by the negligence of the defendants. The negligence of the defendants must be proved by the plaintiff, as well as the reception of the injury. It was not enough for her to prove, that while a passenger upon the defendants' cars, she was injured. In this case, proof was given that the cars ran off the track, and that this occasioned the injury. It was in reference to this evidence that the judge charged the jury that the fact of this accident occurring, was presumptive evidence of negligence on the part of the defendants. The question is, whether the plaintiff was bound to go further, and show the particular cause of the cars being thrown from the track, or whether it was for the defendants to show that it was accidental, and without neglect upon their part. This question may be determined upon principles applicable to all modes of carrying passengers. It is the duty of all engaged in this business, in any mode, to use care to secure the safety of the passenger, proportioned to the danger incident to the mode of conveyance. In case this care is applied, as a general result, the safety of the passenger will be secured, so far as that safety depends upon the state or condition of any of the means provided by the carrier and used in the business. If there is no imperfection in any of these, and suitable caution is employed by those engaged in their application, every thing dependent thereon will accomplish the end in view. This is as certain as the laws of mechanics. When, therefore, an injury is received from a derangement of anything employed by the carrier, the presumption necessarily arises that there existed somewhere an imperfection in the machinery employed, or negligence in its application. It is the duty of the carrier to provide perfect machinery, and if he

has failed in this, it devolves upon him to show the excuse, if any. This is the rule applicable to all cases where a party seeks exoneration from a duty imposed upon him by law or incurred by contract. The plaintiff has established his cause of action when he has shown a failure to perform the duty from which he has sustained an injury. It is for the defendant, then, to show the facts relieving him from responsibility in the particular case. This imposes no hardship upon the defendant in this class of cases. The whole management is exclusively under his control. He has ample means to show the true cause of the difficulty. The plaintiff knows nothing about it. He takes passage with the carrier, who, instead of conveying him safely, inflicts an injury upon him by the failure of some part of the machinery employed by him. In many cases, it would be impossible for the plaintiff to ascertain the particular defect, and I think no such obligation is imposed upon him by the rules of evidence. The authorities are uniform in favor of the rule held by the judge. (*Stokes* v. *Salstonstall*, 13 *Pet.*, 181; *Carpue* v. *The London and Brighton R. R. Co.*, 48 *Eng. Com. L. R.*, 746; *Holbrook and Wife* v. *The Utica and Schenectady R. R. Co.*, 16 *Barb.* 113, *and cases there cited.*) The same rule is laid down by the elementary writers. (*Angel on Carriers*, § 569; 2 *Greenl. Ev.*, 222.) The defendants' counsel cites the case of *Holbrook* v. *The Utica and Schenectady Railroad Company* (2 *Kern.*, 421) in opposition to the rule. I understand that case as substantially sustaining the rule as laid down by the judge in his charge in this case. RUGGLES, J., says that if the witness who swears to the injury testifies, also, that it was caused by a crush in a collision with another train of cars belonging to the same carriers, the presumption of negligence immediately arises. Just so when it is proved that the injury arose from any derangement, crush or displacement of the track or cars.

The exception to that portion of the charge holding that the plaintiff could recover a compensation for bodily pain

Curtis *v.* Rochester and Syracuse Railroad Company.

suffered, or that she was likely to suffer, is general; and it is settled that such an exception is unavailing when any portion of the charge thus excepted to is correct. · In *Ransom* v. *N. Y. and Erie R. R. Co.*, it was decided by this court that bodily pain and suffering arising from an injury was a proper subject for pecuniary compensation. This exception does not render it necessary to examine that portion of the charge, holding that the plaintiff could recover for pain and suffering likely to be suffered. In this case, the judge, I think, laid down the true rule, in substance, in regard to future pain and suffering, in another portion of his charge: That the plaintiff could only recover damages for such pain and suffering as the evidence rendered reasonably certain would necessarily result from the injury. But, as remarked above, the exception is too general to present any question as to future pain.

The judge was correct in refusing to charge the jury, as requested, that the uncontradicted proof shows that the switch was rightly placed for the train in which the plaintiff was a passenger, and awaiting its approach, and that this rebutted any presumption of negligence arising from the accident. There was evidence tending to show that the train ran off the track at the point of approach to the switch. This was evidence tending to show that the switch was improperly placed, and proper for the consideration of the jury upon that question. The judgment should be affirmed.

DENIO and COMSTOCK, Js., did not sit in the case; all the other judges concurring,

Judgment affirmed.