Boynton, J.
This is a petition in error by the plaintiff, to reverse the judgment of the district court for wrongfully affirm-' ing the judgment of the court of common pleas ; and the judgment of the court of common pleas for alleged error in the charge of the court to the jury ; and a cross petition in error by the defendant in error to reverse the finding of the district •court that the judgment rendered on the verdict was excessive, and that, consequently, the judgment ought to be reversed, un *422 less be, tlie defendant in error, would remit the amount of the-judgment in excess of $1,500.
Whether a presumption of negligence arises, in all cases, against a railroad company, from the mere fact that an accident has occurred from which a passenger receives an injury while-, being carried over the road of the company, is a question not. arising in the present case, and therefore is not determined but where an injury results to a passenger from a collision of. the trains of the company, we have no doubt that a ygri/mwfacie presumption of negligence arises against the company, and that unless the company relieves itself from liability, by showing that the injury did not result from its carelessness, or by showing contributory negligence upon the part of the passenger, judgment should be rendered against it. To this effect the authorities seem uniform. Stokes v. Salstonstall, 13 Pet. 181; Laing v. Colder, 8 Barr, 483 ; Christie v. Griggs, 2 Campb. 79 ; Carpul v. London & Brighton Railway Co., 5 Ad. & El. N. S. 747 ; Holbrook v. Utica & Schenectady R. R. Co., 2 Kern, 236; Curtis v. Rochester & Syracuse R. R. Co., 18 N. Y. 534-542.
We therefore think the court did not err in charging the-jury that the burden of proof was on the defendant below, to-establish the fact that the injury did not result from its negligence.
Nor do we think the court erred in saying to the jury, that the plaintiff’s right to recover was not affected by his having, contributed to his injury, unless he was in fault in so doing. The only act of the plaintiff which is alleged to have contributed to his injury, was the leaving of his seat in a moment-of excitement, and going forward to the platform of the cai’, which he had just reached when the injury was received. In respect to the attempt to leave the car, the jury found specially, that in so doing, the plaintiff believed, upon good grounds for his belief, that he could better avoid the danger, and save himself and wife from injury. This finding established the fact, that the plaintiff’s act in leaving the car, although contributing to the injury, was not a negligent act, and hence, if the language. *423 of the charge was at all objectionable, no prejudice resulted from it to the defendant.
The remaining question arises on the assignment in the cross petition, namely, that the court erred in finding the judgment to be excessive in amount, and in determining to reverse it for that reason, unless the plaintiff should • enter a remittitur of the excess. The remittitur was entered for such excess, and judgment rendered for $1,500. In our opinion the plaintiif below is not in a position to object to the action of the court in this behalf.
The defendant, under the finding of the district court, was entitled-to a new trial, unless the necessity therefor was obviated by the action of the plaintiif. The court gave him his choice to accept a reversal of the judgment and a new trial upon the merits, or to remit the sum which, in the judgment of the court, was in excess of the amount that ought to have been recovered. The plaintiff elected to receive the amount of the judgment less the excess. By this election he was bound. He obtained a judgment for $1,500, which he would not have received had he not assented to the action of the court. That he assented reluctantly does not alter the ease. By giving consent he became bound by the action of the court.

Judgment affirmed.