## BAILEY v. WESTCOTT.

*(Common Pleas of New York City and County, General Term.   May 18, 1888.)*

1. DAMAGES—CONTINGENT AND SPECULATIVE.
      In an action for personal injuries it is error to permit a medical expert to testify as to what, in his opinion, is likely to be the permanent effect upon the plaintiff's general health of the injuries received.[1]

2. SAME.
      In such a case it is error to instruct the jury "that if the injury is permanent in its character, and likely to affect her in after-life, that will enhance the damages. "

Appeal from trial court.

Action by Harriet L. Bailey against Robert E. Westcott.   Verdict and judgment for plaintiff.   Defendant appeals.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*E. L. Hamilton,* for appellant.   *E. Russell,* for respondent.

PER CURIAM.   This is an action to recover damages caused by the alleged negligence of one of defendant's servants.   During the progress of the trial the physician who attended the plaintiff after receiving the injuries was asked the following question: "What, in your opinion, is likely to be the permanent effect upon Mrs. Bailey's general health of the injuries she has received, with respect to which you have attended her, to which you have already testified?"   This was objected to as conjectural and uncertain; but the court overruled the objection, and permitted the evidence to be given, and, in charging the jury, said, "that if the injury is permanent in its character, and likely to affect her in after-life, that will enhance the damages," to which the defendant excepted.   We think this was error.   The objection to the evidence and the charge is that it authorizes an allowance of damages for future pain and suffering which is rendered probable merely.   Damages are to be proved, and none can be allowed, except such as are shown by the proof to be, at least to a reasonable degree, certain.   Consequences which are contingent, speculative, or merely possible, are not proper 'to be considered in ascertaining damages in cases like the present.   *Curtis* v. *Railroad Co.,* 18 N. Y. 534; *Strohm* v. *Railway Co.,* 96 N. Y. 305; *Tozer* v. *Railroad Co.,* 105 N. Y. 617, 11 N. E. Rep. 369.   As the judgment must be reversed for these errors, it is unneccessary to examine the other questions raised on this appeal.   Judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.