[No. 2075.]

THE DENVER & RIO GRANDE RAILROAD COMPANY
v. FOTHERINGHAM.

1. **Negligence—Burden of Proof—Railroads—Passengers.**
   The general rule is that the party charging negligence must

prove it.  But where a passenger on a railroad is injured in an accident to the machinery, appliances, or means provided for his transportation, he is only required to prove the fact of the injury and show that it was caused by the failure or insufficiency of some of the agencies provided for the carriage, and the burden is then transferred to the carrier to show its freedom from fault and that the accident could not have been prevented by the utmost skill, care and prudence.

2.  Same—Instructions.

Plaintiff, a passenger on a railroad car, was injured by the sudden jerking of the car while stopping at a station, which caused the plaintiff to be violently thrown against the door-facing and at the same time caused the open door of the car to suddenly swing shut, which caught and injured plaintiff's hand. Held, that  the  injury was not caused by any accident to the train or car or to the machinery or appliances used by defendant for the transportation of passengers such as would relieve plaintiff of the burden of proving that the injury was chargeable to defendant's negligence, and an instruction which relieved plaintiff of such burden and placed upon defendant the burden of showing that the injury was not chargeable to its negligence, was reversible error.

3.  Same.

Where in an action against a railroad company the court by an erroneous instruction placed the burden of proof upon defendant to show that the accident was not due to its negligence, the error was not cured by another instruction which told the jury that the burden was upon plaintiff to prove the negligence of defendant.

*Appeal from the District Court of Arapahoe County.*

Messrs. Wolcott & Vaile and Mr. Wm. W. Field, for appellant.

Mr. Ewing Robinson, for appellee.

'Thomson, J.

Appeal by The Denver & Rio Grande Railroad Company from a judgment recovered against it by Maud Fotheringham for injuries received by her while a passenger on one of the company's trains. Her complaint alleged that after Castle Rock station —one of the regular stations of the defendant com-

pany—had been announced, the car in which she was riding was, through the neglect and careless conduct of the defendant, "suddenly started and put in motion, and immediately thereafter jerked up to a stop, without warning or notice to the plaintiff, causing the open door of said car to swing forward, and at the same time causing plaintiff to be violently thrown forward and against the right door-jamb of the open front door of said car; that in the endeavor to save herself from injury and from being thrown down and between the cars of the train, plaintiff seized the left jamb of said front door of such car, and as plaintiff did so, the open door swung shut against her hand, whereby it was severely injured and bruised," etc.

The defendant answered denying negligence on its part, and averring that the negligence of the plaintiff was the cause of the injury she received. Contributory negligence was denied in the replication.

The testimony of the plaintiff and her husband was that they were riding to Colorado Springs on tickets purchased from the defendant's agent in Denver; that as the train was approaching Castle Rock, and was about to stop, a brakeman called out the name of the station; that Mr. Fotheringham thereupon arose, and went out through the open door upon the platform of the car, for the purpose of taking a photograph of the rock; that plaintiff and her husband had been sitting together in the front end of the car, and, shortly after he left, she started to follow him; that before she reached the door, the car commenced to jerk, and she was thrown against the right side of the door; that to steady herself she put out her hand against the door-jamb, where the door could come in contact with it; that in the jerking, the door flew shut and caught her hand, and that when the accident occurred she was not upon the platform.

The plaintiff called a witness, named Michaels,

who said he had, for about ten years altogether, been in railroad employ. He knew nothing about this case, but, in answer to hypothetical questions, he mentioned various causes which he said might produce jerking of a car when in motion; such as, failure to release air properly; putting on the air too hard; the sticking of brake shoes, caused sometimes by wear, and sometimes by being adjusted too tight; the lagging of the wheels when the brakes stick, causing the train to slide down; or, otherwise, the shaking of the car by the shock of the brake shoes.

Daniel Prescott, assistant district attorney of Arapahoe county, was a witness for the plaintiff. His testimony was that he was a fellow passenger with the plaintiff at the time of the accident; that he occupied a central seat in the car, looking in the direction in which the train was moving; that he saw a lady, who he thought was the plaintiff, going out through the front door and saw the door fly shut; that when the door shut there was no one near the door in the inside of the car; that after the plaintiff was hurt he gave her such assistance as he could; that there had been a rumbling, jumping sound, as of brakes slipping on the wheels, which produced a jarring or trembling of the car; and that this jarring, frequently noticeable on freight trains, was not uncommon in passenger cars, witness having often observed it. Mr. Fotheringham said that the jerky motion of the car when coming to a standstill, occurred at every station at which the train stopped between Denver and Castle Rock.

When the plaintiff rested, the defendant asked the court to direct a verdict in its favor on the ground that the evidence for the plaintiff failed to show negligence on its part, and showed contributory negligence on the part of the plaintiff. The motion was denied, and the defendant examined a number of wit-

nesses in its own behalf, the general tenor of whose testimony was to exculpate the defendant, and place the blame upon the plaintiff; but, for the purposes of this opinion, we do not think an examination of their statements necessary. When the evidence was all in, the defendant unsuccessfully renewed its motion for the direction of a verdict in its favor. At the instance of the plaintiff, the court gave the following among other instructions to the jury:

"1. You are instructed that the contractual relation existing between passenger and carrier for hire exacts from the carrier the highest degree of care and skill, and that all means have been taken beforehand to guard against all dangers that may beset the passenger, as far as human care and foresight can go. To this end the carrier must provide a safe roadbed, well-constructed cars, engines, and skillful, trustworthy servants to take charge of the movement and management of the train. All these things are under the exclusive control of the officers of the company; the public have no right and no opportunity to interfere in regard to them; when, therefore, a passenger is injured by a collision or other accident while on his journey, the law presumes the accident to be due to want of proper care on the part of the company conducting the transportation, and puts the burden of showing the actual condition of the track, car or other appliances involved in the accident, upon the one party in a condition to bear it, namely, the carrier which has the exclusive possession and care of it; the legal presumption takes the place of the proof which the injured person is unable to make, and puts the carrier at once upon the defense.

"2. You are instructed that plaintiff has established a *prima facie* case when she shows that she was injured while being carried as a passenger by defendant, and that the injury was caused by the

manner in which the defendant used or directed some agency or instrumentality under its control. It is the rule, that when the thing which causes such injury is shown to be under the management of the defendant and the acident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care.''

Those instructions should not have been given. The general rule is that the party charging negligence must prove it. There is, however, an exception to the rule; and it is in the substitution, in the instructions, of the exception for the rule, that their erroneous character consists. When a passenger is injured in an accident to the machinery, appliances, or means provided for his transportation, it is unnecessary for him, in the first instance, to do more than prove the fact of the injury, and show that the accident in which it was received was due to the failure or insufficiency of some of the agencies provided for the carriage. When such proof is made, the burden is transferred to the carrier to show its own freedom from fault, and that the accident was one which the utmost skill, care and prudence could not have prevented. The reason for the rule is that the carrier is, and the passenger is not, familiar with the instrumentalities and appliances used by it for the purposes of transportation, and with all the details of its management, so that it has the means at its command to show the facts, and if it is free from blame, to exonerate itself; while such proof is necessarily, at least in many instances, entirely beyond the pasesnger's reach. But the rule does not apply in the case of an accident unconnected with the means of transportation.—*Stokes v. Saltonstall,* 13. Pet. 181; *Curtis v. R. R. Co.,* 18 N. Y. 534; *Herstine v.*

*R. R. Co.*, 151 Pa. St. 244; *R. R. Co. v. MacKinney,* 124 Pa. St. 462; *R. R. Co. v. Ritter's Administrator,* 85 Ky. 368; *Saunders v. Railway Co.*, 6 S. D. 40.

There are cases in which the doctrine is denied, but it has received the express sanction of our own supreme court, and is the law in this state.—*Wall v. Livezay*, 6 Colo. 465; *Sanderson v. Frazier*, 8 Colo. 79.

The injury received by the plaintiff was not caused by any accident to the train, or to the car in which she was riding, or to any of the appliances or machinery used by the defendant in the transportation of passengers; nor was it the result of conditions which the law presumes to be peculiarly within the knowledge of the defendant. The evidence gave rise to no presumption which imposed upon the defendant the duty to prove itself blameless; and it devolved upon the plaintiff to establish her charge of negligence in the first instance. Whether she produced any evidence whatever that the defendant, or any of its employees, was negligent in any particular, is, to say the least, doubtful. It was not made to appear that the peculiar motion of the car to which the plaintiff ascribes her injury, is, when a train is coming to a stop, unusual, or attended with danger, or even inconvenience, to passengers remaining in their seats. The contrary is to be inferred from Mr. Prescott's testimony; and at the other stations where the train stopped, the same "jerking" motion does not appear to have given the plaintiff any annoyance. But even if it might be conceded that she made a *prima facie* case of negligence, the instructions were fatally erroneous. If there was evidence from which a jury might find that the injury suffered by the plaintiff was chargeable to negligence of some kind for which the defendant was responsible, those instructions did not submit the question. They authorized the jury to presume negligence from the fact

of the accident. It is true that the court elsewhere gave an instruction that the burden was upon the plaintiff to prove the negligence of the defendant; but it could not undo the mischief it had occasioned, by merely contradicting itself. It did not belong to the jury to say in which of the court's irreconcilable declarations it was right, and in which it was wrong; nor is it possible for us to know which they followed.

The judgment must be reversed.

*Reversed.*