SCHWEND, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, March 29, 1904.

DAMAGES: Future Pain: Reasonable Certainty. Future pain and anguish recoverable in an action for personal injuries must be limited to such as will be reasonably certain to occur, and an instruction to the jury which allows damages for such pain and anguish as plaintiff "may suffer in the future," is error, because ignoring the bounds of reasonable certainty.

Appeal from St. Louis City Circuit Court.—*Hon. Jas. R. Kinealy,* Judge.

REVERSED AND REMANDED.

*Boyle, Priest & Lehmann, George W. Easley* and *Glendy B. Arnold* for appellant.

(1) The instruction violates the rule that future damages for injuries, pain or suffering must be confined to such as the evidence renders it reasonably certain will result from the injury. It is only for such damages in the future as will certainly and necessarily be sustained that a recovery may be had. Curtis v. Railroad, 18 N. Y. 534, 75 Am. Dec. 258; Bigelow v. Railway, 48 Mo. App. 374. (2) The proper way to draft an instruction of this character seems to be well settled by judicial precedents in this State. The jury should be instructed to find compensation "for all such damages which it appears from the evidence will reasonably result from her injuries in the future." Ross

v. Kansas City, 48 Mo. App. 446; Russell v. Columbia, 74 Mo. 480; Chilton v. St. Joseph, 143 Mo. 199; White v. Railway, 61 Wis. 536, 50 Am. Rep. 154; Hardy v. Railway, 89 Wis. 187, 61 N. W. 771.

*Phil H. Sheridan* and *Henry B. Davis* for respondent.

REYBURN, J.—This plaintiff was a passenger upon an electrically propelled car of defendant on December 5, 1902; at close of the day's work she had left her place of employment, boarding a street car at Sixth and Olive streets, in the city of St. Louis, and had transferred to a connecting car of defendant at intersection of the latter named street with Grand avenue, and proceeded northward on the Grand avenue line to Dodier street, near where she lived, and upon attempting to alight she received the injuries, the basis of this action. The plaintiff, a widow, about thirty-six years of age, set forth in her statement of the cause of action, that the servants and agents in charge of defendant's trolley car conducted it in a negligent and dangerous manner, so that when she attempted to alight at her destination, and while in act of alighting, the car was started and she was thrown violently to the ground, suffering both external and internal injury, her left hip lacerated, her nervous system shocked and her heart affected so that she was permanently injured.

The answer, after embodying a general denial, charged that plaintiff's injuries were caused by her own negligence in stepping from a moving car, before it had stopped for the purpose of allowing her to alight, and that she had failed to signal for the car to stop, until after it had reached the usual stopping place at Dodier street, and then gave the signal, and while the car was being brought to a stop, but before it had stopped in obedience to her belated signal, she negligently stepped

therefrom while still in motion, without invitation, consent or knowledge of the conductor of her intention so to do, whereby she caused her injuries.

The evidence of the opposing parties tended to sustain the allegations of the respective pleadings, and continued conflicting, even in the testimony of the medical experts upon the extent of her injuries.

The court charged the jury in a series of instructions, of which the first on behalf of plaintiff complete was as follows:

"The court instructs the jury that a street railway company is bound to exercise in the transportation of its passengers, the utmost human skill, diligence and foresight, which is such skill, diligence and foresight as is exercised by a very cautious person under like circumstances.   If, therefore, the jury find from the evidence that the plaintiff was, without any negligence on her part, injured while a passenger on the railway of the defendant in alighting from the trolley car of the defendant, and that the cause of such injury was the premature starting of the car by the servant or servants of the defendant, and that the servant or servants of defendant knew or by the exercise of the utmost human skill, diligence and foresight, as above defined, might have known that plaintiff was at the time in the act of alighting from the car of defendant, then the jury will find for the plaintiff and assess her damages at such a sum as the jury believe from the evidence will compensate the plaintiff for the injuries, pain and anguish already suffered by her and which she may suffer in the future from the effects of such injuries, and to this the jury may add such reasonable sum for medical attendance as plaintiff has paid or is liable to pay and such sum as will compensate her for loss of time, if any, your verdict not to exceed the sum of $25,000; if the jury find the plaintiff was not injured by reason of the premature

starting of said car by the servants of the defendant, then the jury will find for the defendant."

From verdict and judgment for plaintiff, defendant has prosecuted this appeal.

This instruction is assailed in that the concluding portion, purporting to define the standard of damages, if any, to be awarded plaintiff, is violative of the rule that future damages must be confined to such injuries as shall appear from the evidence will reasonably result in the future from the injuries inflicted. The appropriate phraseology for such instruction has been inferentially adopted by the appellate courts of this State in a series of cases. In Chilton v. City of St. Joseph, 143 Mo. 192, the language adopted, to the effect that in estimating plaintiff's damages the jury might take into consideration not only the physical injury inflicted, the bodily pain and mental anguish endured and suffered, but might also allow for such damages as appeared from the evidence would reasonably result to her from such injuries in the future, was adjudged not unwarranted and predicated only upon such injuries as were the necessary concomitants and consequences of plaintiff's misfortune, superinduced by defendant's negligence. Similar wording was held unobjectionable in Russell v. Inhabitants of town of Columbia, 74 Mo. 480, which is depended upon as controlling authority in Ross v. Kansas City, 48 Mo. App. 440, also in Bradley v. Chicago, etc., Co., 138 Mo. l. c. 301-311.

The commentators upon this general subject are also in accord with each other and with the adjudicated cases. In a late treatise, it is declared that while the authorities are not in harmony as to the language to be employed in such instruction, they do not disagree materially as to the meaning of such language, and the weight of authority is that the evidence should show that it must be reasonably certain that future pain will necessarily follow and a mere probability of its occurrence

is not sufficient.    Voorheis, Measure of Damages, per-
sonal injuries, section 46, p. 75.    Again another modern
commentator, upon the same topic, states that in order
that there may be a recovery for future consequences,
it must be shown with reasonable certainty, that the
results indicated will follow, and there must be more
than mere conjecture to warrant an award of damages
for future disabilities, and a charge that damages could
be given for such consequences as are reasonably likely
to ensue is proper.    Watson, Damages, personal injur-
ies, secs. 302, 303, p. 385 et seq.    Other recognized text
writers announce the same doctrine:    ''In ascertaining
the amount of damages resulting from a personal injury
the jury may consider the bodily pain and mental suf-
fering which have occurred, and are likely to occur in
the future, in consequence thereof as well as the loss of
time, etc.    The inquiry can not be extended to cover the
merely possible consequences of the injury,'' etc.    ''The
damages recoverable for bodily pain and suffering are
not limited to that which is past, if the proof renders it
reasonably certain that the party must suffer in the
future.    In estimating the pecuniary loss in such cases
all the consequences of the injury, future as well as past,
are to be taken into consideration, including bodily pain,
which is shown by the proof, to be reasonably certain
will necessarily result from the injury.''    Sutherland,
Damages (3 Ed.), sec. 123, vol. 1, and sec. 944, vol. 3.
''In order to authorize the recovery of present damages
for a prospective loss, it must appear, that the occur-
rence of such loss or the existence of a disability in the
future is something more than a mere  possibility or
probability.    Such loss or future consequences for which
damages are sought must be such as in the ordinary
course of nature are reasonably certain to result from
the injury.''    Joyce, Damages, sec. 244.

In a lengthy current of decisions from other juris-
dictions, language involving the allowance of damages

for future pain which is probable merely has been generally disapproved in charges to the jury. In Kucera v. Lumber Co., 91 Wis. 637, the instruction that plaintiff might recover for pain and suffering he was "likely to endure in the future" resulting from the injury, was pronounced error, upon authority of Hardy v. Milwaukee, etc., Co., 89 Wis. 183, where the language employed in the charge was for pain and suffering which plaintiff "may endure hereafter" and in same State, White v. Railway, 61 Wis. 536, the court condemned a finding that an injury "may prove permanent." In Fry v. Railroad, 45 Iowa 416, the jury were authorized to give damages for such future pain and suffering, as might be caused by the injury, and the court declared the instruction too broad and throwing open the door so wide that the jury could well enter the domain of conjecture, and indulge in speculation to a greater extent than allowable. The same legal principle is approved in Curtis v. Railroad, 18 N. Y. 534; Meeter v. Railway, 70 (Sup. Ct.) N. Y., 63 Hun 533; Cameron v. Union Trunk Line, 10 Wash. 507. In Bigelow v. Railway, 48 Mo. App. 367, the court, while sustaining the instruction impugned as improper, reiterated the rule, that in awarding compensation for future suffering the jury is not authorized to consider mere possibilities, and give damages for something that may happen, and reviewed at length some of the authorities above cited, including Fry v. Railroad, supra.

In the words in which the instruction in this case is framed, the feature condemned by the foregoing writers and reported cases is conspicuous; pecuniary compensation is not restricted to the prospective injuries, pain and anguish which, from the evidence, will reasonably result from the injuries, but the award of damages is to be measured as well by those she may suffer in the future from the effects of such injuries. The boundary of reasonable certainty is ignored, and the jury per-

mitted under such instruction to give free rein to their respective imaginations and individual conjectures without lawful limits of reasonable certitude and probability clearly defined to guide the jury in its deliberation and finding.    The judgment is accordingly reversed and the cause remanded.    *Bland, P. J.,* and *Goode, J.,* concur.