PENTONEY, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, December 13, 1904.

1. **PERSONAL INJURIES: Future Pain.** In an action for damages on account of personal injuries, the jury, in taking into account the future consequences of the injury in determining the amount of damages to be awarded, are limited to such future consequences as are reasonably certain to accrue to the plaintiff.

2. ———: ———: **Instruction.** An instruction in relation to this character of damages should be certain and definite, but an appellate court will not reverse a judgment for the mere reason that such an instruction is open to criticism, if the language used fairly declares the rule and is not so worded as to lead the jury astray.

3. ———: ———: ———: "Probably." An instruction authorizing the jury in assessing damages in such a case, to take into consideration such pain, etc., as they believed the plaintiff would "probably" in the future suffer in direct consequence of the injuries, came within the rule and was not erroneous.

4. ———: ———: Verdict. Where the evidence in such a case showed that the plaintiff had lost earnings from the time of the injury to the time of trial, that she could not earn more than half of what she had been earning prior to the injury, that she had suffered and was suffering pain, that such pain would continue in the future, and where the verdict was for $1,500, an appellate court will not presume from the smallness of the verdict that the jury did not take into consideration the future consequences of the injury.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale*, Judge.

AFFIRMED.

*Boyle, Priest & Lehmann, George W. Easley* and *G. B. Arnold* for appellant.

(1) The court erred in giving the second instruction for plaintiff. Block v. Railway, 89 Wis. 371; Smith v. Traders' Exchange, 64 N. W. 1041; Russell v. Columbia, 74 Mo. 480; Bradley v. Railway, 138 Mo. 301, 39 S. W. 763; Chilton v. St. Joseph, 143 Mo. 199, 44 S. W. 766; Bigelow v. Railway, 48 Mo. App. 374; Ross v. Kansas City, 48 Mo. App. 446; Fry v. Railroad, 45 Iowa 416; White v. Railway, 61 Wis. 636, 50 Am. 154; Hardy v. Railway, 89 Wis. 187, 61 N. W. 771; Kucera v. Lumber Co., 91 Wis. 637, 65 N. W. 374; Cameron v. Trunk Line, 10 Wash. 507, 59 Pac. 128; Meeteer v. Railway, 63 Hun 533, 18 N. Y. Sup. 561; Curtis v. Railroad, 18 N. Y. 534, 75 Am. Dec. 258; 3 Sutherland on Damages (Ed. 1884), p. 261; 1 Sutherland on Damages (3 Ed.), sec. 123, and vol. 3, sec. 944; 1 Joyce on Damages, secs. 244-245; Voorheis on Damages, p. 72, sec. 26; Watson on Personal Injuries, secs. 302-303; Schwend v. Transit Co., 80 S. W. 40. (2) The

error in this instruction is that it authorizes the jury, in assessing plaintiff's damages, to allow her compensation for any bodily pain and distress of mind which the jury may find and believe from the evidence she will probably in the future suffer or endure in direct consequence of her injuries. Plaintiff can not recover damages for future pain and suffering which are merely probable or possible. Such damages must be based upon pain and suffering which are reasonably certain to follow.

*James M. Sutherland* for respondent.

BLAND, P. J.—Plaintiff's petition alleges that while she was in the act of boarding an east-bound Cass avenue car, at Vandeventer and St. Louis avenues, which had stopped to take on passengers, the car was suddenly started forward before she had reasonable time to board the same, thereby causing her to fall and strike her knees on the steps of the car, inflicting painful and permanent injuries.

The petition also contains a charge of negligence against the defendant in permitting the steps of said car to be and remain covered with a heavy coating of wet mud.

The defendant's answer was a general denial, and a charge that plaintiff was negligent in the manner in which she attempted to board the car.

The jury found for plaintiff, and assessed her damages in the sum of $1,500.

Plaintiff's evidence tended to prove the allegations of her petition, that she was permanently injured and would suffer future pain and anguish of mind as the result of her injuries.

For the plaintiff, the court gave the following instruction on the measure of damages:

"If the jury find for the plaintiff, then they will allow her such amount as they believe from the evi-

dence to be a fair and reasonable compensation for any bodily pain and distress of mind which the jury may find and believe from the evidence she has suffered or endured, or will probably in the future suffer or endure in direct consequence of her said injuries, also such amount as they may believe from the evidence to be a fair and reasonable compensation to her for any damages which she has sustained by way of loss of earnings in direct consequence of her injuries. If the jury further find and believe from the evidence that plaintiff is permanently injured in her body, then they will also allow her such amount as they may believe to be a fair and reasonable compensation to her for any damages which she will in the future sustain in the way of loss of earnings in direct consequence of her injuries. And if they further find that plaintiff has incurred expenses for surgical and medical treatment for her injuries, if you find she was injured, the jury will also allow her such sum therefor as will compensate her for such expenses.''

1. This instruction authorized the jury to award damages for any bodily pain and distress of mind, which the jury might find and believe from the evidence plaintiff would probably suffer or endure in direct result of the injury. It is contended by defendant that the instruction is erroneous, that it is opposed to the rule stated in the case of Schwend v. St. Louis Transit Co., 105 Mo. App. 534. The Schwend case approved the rule for assessment of present damages for future consequences as stated in Joyce on Damages. The rule as stated by Joyce is, in the main, correct, but it seems to us to be stated in broader terms than is warranted by some of the adjudicated cases. What was actually decided in the Schwend case is, that present damages for future losses, in personal injury cases, are not recoverable unless they are reasonably certain to accrue from the injury complained of. An instructions which confines the jury, in the assessment of dam-

ages for future losses, to such as are reasonably certain to accrue, would not be erroneous though it departed from the language of Joyce in defining the rule. An instruction relating to this character of damages should be certain and definite; but an appellate court will not reverse a judgment for the mere reason that an instruction is open to criticism, if the language used fairly declares the correct rule, and is not so worded as to lead the jury astray in respect to the assessment of damages. We had occasion at this term of court to consider this question in the case of Holden v. Missouri Railroad Company, 108 Mo. App. 665, where the instruction on the measure of damages told the jury it might assess such damages for future losses as it believed from the evidence were *likely* to accrue from the injury complained of. After reviewing the authorities we concluded that the term "likely," as used in the instruction, means such damages as are reasonably certain to accrue and that the jury could not have been led to believe that they were authorized to speculate upon what losses might accrue in the future. The word "probably," as used in the instruction under consideration, has the same if not a stronger meaning than would have had the word "likely" had it been used in its stead, and for the reasons stated in the Holden case we decline to reverse the judgment on account of the instruction on the measure of damages.

2. The verdict was for $1,500. From the assumed smallness of the verdict, plaintiff's counsel insist that the jury did not take into consideration any future loss or consequences in its assessment of damages. There was evidence that plaintiff had lost in earnings from the date of the injury down to the day of trial; that her injuries were such as to incapacitate her to earn more than half what she had been earning prior to her injury; that she had suffered and was suffering pain of body and anguish of mind on account of the injury, and that such pain and anguish would continue in the

future as the direct result of the injury.   Under this
state of the proof, it would be a bold court who would
undertake to say that the jury did not take into con-
sideration all these elements in arriving at a verdict
of $1,500, and if not all, then which of them it did
consider. We shall not enter upon the speculation, but
will assume that the jury considered all the evidence
and made up its finding from the evidence considered
as a whole as it was its duty to do.

The judgment is affirmed.   All concur.