DANIEL GESSLEY, Defendant in Error, v. THE MIS-
SOURI PACIFIC RAILWAY COMPANY, Plain-
tiff in Error.

### Kansas City Court of Appeals, May 5, 1887.

1. PRACTICE—INSTRUCTIONS— OFFICE OF—ISSUES TO BE LIMITED TO
PLEADINGS.—Instructions should tell the jury what the issues are,
and should *limit* the issues to those made by the pleadings. Where
issues are submitted so as to include averments not made by the pe-
tition, it is error.

2. —— —— MUST BE BASED ON EVIDENCE.—Instructions should
not be given when there is *no evidence* on which to predicate
them.

ERROR to Howard Circuit Court, HON. G. H. BUROK-
HARTT, Judge.

*Reversed and remanded.*

The case is sufficiently stated in the opinion.

W. A. MARTIN, for the plaintiff in error.

I. Plaintiff in error maintains that the petition
*nowhere shows* the parties in charge of the engine, or
any other agents or servants of defendant, *knew, or
could, by ordinary care and diligence, have known,*
plaintiff was in the car at the time the engine backed
against and moved it, and there *is no act charged
against the persons* who ran the engine on the side
track that shows it was run in any other than the *ordi-
nary way* of backing on to the side track. *Pier et al. v.
Heinrichoffen et al.*, 52 Mo. 333 ; *Maher v. Railroad*, 64
Mo. 267; *Inhabitants of Clinton v. Williams*, 53 Mo.
141, and cases therein cited. 1 Rorer on Railroads, 488,
697. The petition *nowhere alleges* that the parties in
charge of the engine were *acting in the line of their em-
ployment*, and it is held by the courts *they must be so*

*acting. Gaentzen v. Durnkle,* 50 Mo. 104; *Mathews v. Hunter,* 67 Mo. 289; *Cook v. Putnam County,* 70 Mo. 668.

II.   Plaintiff in error maintains there *was no evidence to show* the parties in charge of the engine, or any employes or servants of defendant, knew, or could, by ordinary care and diligence, have known, plaintiff was in the car at the time the engine backed out the side track and moved the car, *nor does plaintiff's evidence show* the parties in charge of the engine were acting in the line of their employment; all it does show is, that plaintiff was in the car at work; the engine backed on the side track; he did not know it was coming on that track until his car was moved; that he was hurt, and no one notified him, does not show the persons in charge of the engine could have discovered him by any sort of diligence.   Plaintiff sues the master for negligence of the servants, and must prove it.   1 Greenl. on Evid. [14 Ed.] sect. 74, and note; Rorer on Railroads, 488, 697; *Railroad v. Kelly,* 94 U. S. 475; 2 Rorer on Railroads, 1038, and authorities cited to first ground of error.

III.   Plaintiff in error maintains that the instruction of plaintiff required the jury to pass *upon facts not in evidence.*   It directed them to take into consideration the *age and circumstances* in life of plaintiff.   There is *not a scintilla of evidence as to either of these facts.* They are to guess at or learn them from some source outside the evidence, and they must consider them. *Hinds v. The City of Marshall,* 22 Mo. App. 208; *State v. Thompson,* 83 Mo. 257; *State ex rel. Fulkerson v. Emerson,* 74 Mo. 607; *Price v. Railroad,* 76 Mo. 508.

IV.   The court erred in *refusing* instructions asked by defendant, to the effect that the facts alleged in the petition do not create any liability against the defendant.

V.   The court erred in *giving* instruction asked by plaintiff, to the effect that, if plaintiff was hurt by the negligence of defendant's servants, to *find for him,*

without restricting them to the acts set *out in the peti-
tion,* or defining what negligence is, in said instruction,
or any other instruction. *Abbott v. Railroad,* 83 Mo.
271 ; *Price v. Railroad,* 71 Mo. 416 ; *Waldhier v. Rail-
road,* 71 Mo. 514 ; *Edens v. Railroad,* 72 Mo. 212 ;
*Bank v. Murdock,* 62 Mo. 70 ; *Zimmerman v. Rail-
road,* 71 Mo. 491.

SAMUEL C. MAJOR, for the defendant in error.

I. The petition is *sufficient.* Rev. Stat. 1879, sect.
3511 ; *Coudy v. Railroad,* 85 Mo. 79 ; *Carlisle v. Rail-
road,* 82 Mo. 40 ; *Railroad v. Haskins,* 3 West. Rep.
449 ; *McPheeters v. Railroad,* 45 Mo. 22 ; *Schneider v.
Railroad,* 75 Mo. 295 ; *Mack v. Railroad,* 77 Mo. 232 ;
*McNees v. Railroad,* 22 Mo. App. 224 ; *Clay v. Rail-
road,* 17 Mo. App. 629.

II. The court *did not commit error* in overruling
the demurrer to the evidence. The evidence showed
plaintiff was injured without any fault on his part ; he
makes out a *prima facie* case, and the *onus* is cast
upon the defendant of relieving itself from the responsi-
bility, by showing that the injury was the result of an
accident, which the utmost skill, foresight and diligence
could not have prevented. *Hipsley v. Railroad,* 88 Mo.
348, and authorities there cited.

III. Instruction numbered two, given for plaintiff,
properly declared the law in cases of this kind ; it did
not require the jury to consider *facts not in evidence,*
for, upon examining said instruction, the following
qualifying words will be found at the end thereof, "*as
shown by the evidence in the case ;*" now the jury were
only directed to take into consideration the age and *sit-
uation* of plaintiff, *as shown by the evidence ;* if there
was no evidence of his age and situation, then the jury,
under this instruction, were not directed to consider it.
*But there was evidence of his age.* Mr. Kivett testi-
fied, "that, after Gessley fell, he tried to get up, and
the conductor walked up to him and said, 'old man, are

you hurt?' and Gessley said, 'I don't know,' etc."
Besides, it was within the province of the jury,
who had Mr. Gessley before them, to judge of
his age. *Nagel v. Railroad*, 75 Mo. 653. *The in-
structions should be considered as a whole.* The sixth,
given for defendant; told the jury that "the question as
to amount of damages is a question of fact, to be proved
like any other fact, and, if the jury should find for
plaintiff, they can only assess such amount of damages
as he has shown, by the evidence, he has sustained."
This instruction, taken in connection with the second,
given for plaintiff, leaves no ground for complaint by
plaintiff in error. *The instruction complained of, how-
ever, has been approved by our supreme court*, in a
case similar to this. *Whalen v. Railroad*, 60 Mo. 322;
also, by the Kansas City Court of Appeals; *Thomas v.
Railroad*, 20 Mo. App. 485. The case cited by plaintiff
in error (*Hinds v. City of Marshall*, 22 Mo. App. 208)
finds no application to the case at bar; the faulty in-
struction in that case told the jury to take into consid-
eration "the age and condition in life," etc., *without
regard to the evidence in the case;* whilst, in the instruc-
tion complained of, the jury are especially restricted, in
their deliberations, to the facts "*as shown by the evi-
dence in the case;*" besides, in the case cited, the court
take occasion to say "that the age of plaintiff may be a
proper element for the consideration of a jury, in esti-
mating damages for personal injury, where the evidence
tends to show that the injury will probably be perma-
nent in its character," exactly the case under consider-
ation.

IV. Instructions *refused* to defendant should not
have been given, as they were in furtherance of the claim
that the petition did not state a cause of action. No error
was committed in their refusal.

V. Nor did the court err in *giving* the instruction
asked by plaintiff, as to the *negligence* of defendant,
since it expressly restricts the jury to the issues *men-
tioned in the petition.* *Whalen v. Railroad*, 60 Mo. 323·

HALL, J.—This was an action for personal injuries.
The court gave two instructions for plaintiff. The
first instruction was as follows :

"1.   The jury are instructed that, if they believe,
from the evidence, that the defendant, through the neg-
ligence or carelessness of its agents, and without negli-
gence on the part of plaintiff, inflicted upon the plaintiff
*the injuries mentioned in the petition*, they will find for
the plaintiff, and assess his damages at such sum as they
may think he is entitled to, not to exceed the sum of
three thousand dollars, the sum claimed in the petition."

Instructions should tell the jury what the issues are.
*Cocker v. Cocker*, 2 Mo. App. 451 ; *Butcher v. Death &
Teasdale*, 15 Mo. 271.   The instructions should limit the
issues to those made by the pleadings.   *Hassett et al. v.
Rust et al.*, 64 Mo. 325 ; *Abbott v. Railroad*, 83 Mo. 271,
The above instruction was faulty in this, that, instead of
confining the issues, as to the defendant's carelessness
and negligence, to the carelessness and negligence alleged
in the petition, it submitted the issue in such broad,
general and unqualified terms as to refer to, and include,
any carelessness or negligence whatever, on the part of
the defendant's agents, whether alleged in the petition
or not.   The instruction should, in plain terms, have stated
the acts of negligence on the part of the defendant,
alleged in the petition, and in proof, which it was neces-
sary for them to find, from the evidence, in order to find
a verdict against the defendant.

This fault in the instruction was not cured by the
instruction submitting to the jury the question as to
whether the carelessness or negligence, mentioned in the
instruction, caused *the injuries mentioned in the peti-
tion*.

The second instruction given for the plaintiff was as
follows :

"2.   The court instructs the jury that, if they find
for the plaintiff, they should, in estimating the amount

of damages, take into consideration the age and situation of the plaintiff, his bodily suffering and mental anguish resulting from the injury received, and the extent to which he was disabled from making a support for himself by reason of the injury received, *as shown by the evidence in the case.*"

There was no evidence whatever of the age or the situation in life of the plaintiff.

Instructions should not be given when there is no evidence on which to predicate them. *Hinds v. City of Marshall,* 22 Mo. App. 208. The instruction given in that case told the jury that, in estimating the damages, they should take into consideration the age and condition in life of the plaintiff. The instruction was held objectionable for the reason that there was no evidence of the age or the condition in life of the plaintiff.

The instruction in the present case differs from the instruction in that case in this only, that the instruction in this case uses the word "situation," unqualified by any explanatory words, instead of the words, "condition in life," and restricts the jury to such damages as are shown by the evidence.

The difference is not in favor of the instruction here ; if the difference is of any effect, it is rather against the instruction in the present case. We supply the words, "in life," in connection with the word, "situation," in order to give to the latter word a meaning ; and the restrictive words, "as shown by the evidence," although unnecessary to explain to the jury that they were bound by the evidence, being expressly used, simply make more glaring the error of the court in telling the jury to consider that of which there was no evidence whatever. The suggestion, by plaintiff's counsel, that the plaintiff testified as a witness, that he was thus seen by the jury, and that they could have determined his age from this inspection of him, was fully considered in *Hinds v. City of Marshall (supra).*

¹Vol. xxvi—11

It is, under the foregoing views of the instructions noticed, unnecessary to pass upon the sufficiency of the petition after verdict, but we would suggest to plaintiff's counsel the advisability of so amending the petition as to make it conform to the petitions in the cases cited by him in support of its sufficiency, by expressly averring negligence on the part of the defendant's servants and agents, in the commission of the acts complained of ; such, for instance, as the management of the train which caused the injury.

The judgment is reversed and the cause is remanded. All concur.