ELIZA BIGELOW and her Husband, Respondents, v.
THE METROPOLITAN STREET RAILWAY
COMPANY, Appellant.

#### Kansas City Court of Appeals, March 7, 1892.

1. **Evidence:** PERSONAL INJURY : ABILITY TO SEW AND COMB HER HEAD. In an action by a married woman against a street railway company for damages for fracturing plaintiff's arm, it is proper to admit evidence that she had been in the habit of making her own clothes, but since the injury (although a year had passed) she was unable to do so, and also that she had employed a hairdresser, who came to her room and dressed her hair during a period of months for the reason she was unable to do so for herself.

2. ———: RULES AS TO PRESUMPTIONS: INSTRUCTIONS. An instruction, telling the jury that it was the duty of the conductor and gripman of the train to report all accidents, and, if they did not report the one in controversy, then, in the absence of evidence to the contrary, the presumption would be that they knew nothing of the accident, was properly refused in this case, as it calls for a presumption resting on the basis of another presumption, the rule being, that, as the very foundation of indirect evidence is the establishment of one or more facts from which the inference is sought to be made, the law requires that the latter should be established by direct evidence, as if they were the very facts in issue.

( 367 )

3. Damages, Measure of: PERMANENCY OF INJURY. The evidence in this case is *held* sufficient to justify an instruction telling the jury that they might, in assessing damages, compensate plaintiff for any permanent injury they might find she had sustained.

4. ——— : ——— : FUTURE PAIN AND ANGUISH : INSTRUCTION. An instruction, telling the jury that they might compensate plaintiff for the pain and anguish they may believe from the evidence she would suffer in the future by reason of said injury, does not permit compensation for suffering that might by some possibility or probability attend the plaintiff in the future.

5. ——— : ——— : AGE OF MARRIED WOMAN : MORTUARY TABLES. The law affords no certain standard for the measurement of damages for permanent injury and future pain and anguish resulting from a personal injury. While it informs the jury as to the items to be considered, the amount is peculiarly within their sound discretion ; and, in the case of a married woman, her age coupled with her life expectancy would not afford a useful rule in estimating the damages. *Per Ellison:* If the life expectancy is necessary for the jury's consideration, mortuary tables are not the only competent proof, but inspection and observation would, in many cases, be sufficient as a basis in estimating the probable length of life with reference to damages for permanent injury and future pain and anguish.

*Appeal from the Jackson Circuit Court.*—HON. J: H. SLOVER, Judge.

AFFIRMED.

*Pratt, Ferry & Hagerman,* for appellant.

( 1 ) The action of the court in admitting the testimony, as to plaintiff's sewing and keeping a hairdresser, was erroneous. The fact was immaterial and not relevant to the issues, and could only tend to inflame the minds of the jurors. ( 2 ) We sought by instruction 11 to have the idea expressed that the presumption of a performance of a duty attended the acts of an individual the same as if the acts had been that of a public official. *Lenox v. Harrison*, 88 Mo. 491, 496. Appellant submits that it ought to have had the benefit of this legal presumption. ( 3 ) The last point

we desire to make is that instruction 5 given for plaintiff is erroneous in two respects: *First.* It authorizes a recovery for future suffering, without the limit being placed upon the recovery therefor to the extent that it could only be for such future suffering as was from the evidence reasonably certain to ensue. 3 Sutherland on Damages, 261; *Fry v. Railroad,* 45 Iowa, 416; *Curtis v. Railroad,* 18 N. Y. 564; *White v. Railroad,* 61 Wis. 536; *Davison v. City of Troy,* 2 N. Y. Sup. 137. *Second.* The evidence did not warrant the submission of the question of permanent injuries. Cases last cited; *Bailey v. Westcott,* 4 N. Y. Sup. 482; *Miles v. Railroad,* 8 N. Y. Sup. 455, and cases cited.

*Teasdale, Ingraham & Cowherd,* for respondents.

(1) Mrs. Bigelow's testimony was properly admitted for the purpose to which it was limited by the court, viz., to show the extent of the injury. *Blair v. Railroad,* 89 Mo. 396; *Thomas v. Railroad,* 20 Mo. App. 485-488. The testimony of the witness Scott was properly admitted for the same purpose. 3 Sutherland on Dam., pp. 263-7; *Whalen v. Railroad,* 60 Mo. 326. (2) It was not error to refuse instruction 11 for the following reasons: *First.* The first fact, viz., that no report was filed in the general manager's office, is only a presumption. If this fact is established at all, it must be by way of presumption, that, if "We did not hear of it," then no report was filed. The second part of the instruction is another presumption. The law does not permit a presumption upon a presumption. The first fact must be clearly established by the best evidence. The gripman or conductor and the books of the general manager's office were the best evidence. Their absence was not accounted for. Greenl. Ev. [14 Ed.] secs. 40, 82; *United States v. Ross,* 92 U. S. 283-4; *Ayer v. Sleamer,* 4 Cliff. 170. *Second.* It was immaterial—if given it could not have changed the result. *Tetherow v.*

*Railroad*, 98 Mo. 74, 86. The instruction is correct. It uses the word "will" in regard to future suffering. Even if the words "may," or "likely to," or "probable" had been used, the best cases would support it. *Scott Twp. v. Montgomery*, 95 Pa. St. 447; *Frink v. Shroyer*, 18 Ill. 418; *Village of Sheridan v. Hibbard*, 119 Ill. 307–11; *Rockwell v. Railroad*, 64 Barb. 448; *Beaudett v. City*, 40 Wis. 35; *McLaughlin v. City*, 77 Pa. St. 109–13; *City of Joliet v. Conway*, 119 Ill. 389–91. If the defendant wanted anything more explicit on the subject given to the jury it was its duty to ask the court for additional instructions. *Tetherow v. Railroad*, *supra; Village of Sheridan v. Hibbard, supra; Yocum v. Town of Trenton*, 20 Mo. App. 489, 95–6. The testimony as to permanent injury was sufficient to submit it to the jury. *Fry v. Railroad*, 45 Iowa, 416. If there is any testimony on the subject it should be submitted. *Cohn v. Reid*, 18 Mo. App. 115; *Buesching v. Gas Co.*, 73 Mo. 219; *Stephens v. Macon*, 83 Mo. 355; *Smith v. Hutchison*, 83 Mo. 690.

SMITH, P. J.—Mrs. Bigelow, the plaintiff, brought this action against the defendant street railway company, to recover damages for personal injuries resulting to her while in the act of alighting from defendant's car at Twelfth and Broadway, Kansas City. The injury complained of seems to have been a serious fracture of the arm near the wrist. From the plaintiff's statement of the occurrence it would appear that she was a passenger on the defendant's Twelfth street line, going west, and when approaching Broadway she requested conductor and gripman to stop and permit her to get off. The train was stopped, and just as she was in the act of alighting from the gripcar the train was suddenly started forward, and she was cast upon the street and sidewalk with the result above indicated. On the trial in the circuit court plaintiff had a verdict and judgment for $1,500, and defendant appealed.

I. Treating the matters complained of in the order of defendant's brief, we first notice the alleged errors in the admission of certain evidence adduced by plaintiff. Over the objection of defendant's counsel, Mrs. Bigelow was permitted to testify, in effect, that prior to the injury she was in the habit of making her own clothes, but that since (although a year had passed) she was unable to do so, except perhaps to sew on buttons. We discover no impropriety in admitting this evidence. It was clearly competent, as ruled by the circuit judge, as tending to show the extent of the plaintiff's injuries. So the same may be said of the evidence as to the employment by the lady, after her misfortune, of a hair-dresser, who came to her room and dressed her hair during a period of months, for the reason that she was unable to do so for herself. This was all evidence tending to show the extent of the injury inflicted, and its admission was not error.

II. The next error assigned relates to the refusal of the court to give a certain instruction requested by defendant. The same reads as follows: "It was the duty of gripman and conductor on all trains to promptly report all accidents to the office of the general manager, and if the accident to Mrs. Bigelow, if any, was never reported to the office of the general manager, then the presumption would be, in the absence of evidence to the contrary, that the gripman and conductor knew nothing of the accident."

The claim for this instruction is that, as it was the duty of the trainmen to report all accidents, and since they did not report this one, it would be presumed that none such occurred, since, if it had occurred, the conductor and gripman would have reported, on the theory that "everyone is presumed to govern himself by the rules of right reason, and, consequently, that he acquits himself of his engagement and his duty." *Lenox v. Harrison*, 88 Mo. 496. While this may be admitted as the proper rule, it still does not save this instruction.

We have here contemplated by this instruction an instance of a presumption resting on another presumption—indeed, several presumptions, one resting upon the other. The only evidence tending even to show that the report of the accident was not filed in the general manager's office is that of the assistant manager, who, in effect, says that he never heard of it—knew nothing of it. The jury then would have to presume from this fact (that the assistant general manager knew nothing of such a report) that no report was filed by the conductor and gripman in charge of the train committing the injury. The jury would then further presume (from such presumed fact) that these trainmen did not see the injury committed, and from this presumed fact (that they did not see it) the jury would presume the ultimate material fact in the case, that no such misfortune had befallen Mrs. Bigelow as by her claimed.

They are inferences from inferences; presumptions resting on the basis of another presumption. Such a mode of arriving at a conclusion of facts is generally, if not universally, inadmissible. No inference of fact or of law is reliable drawn from premises which are uncertain. Whenever circumstantial evidence is relied upon to prove a fact, the circumstances must be proved, and not themselves presumed. Starkie on Evidence, page 80, thus lays down the rule : " In the first place, as the very foundation of indirect evidence is the establishment of one or more facts from which the inference is sought to be made, the law requires that the latter should be established by direct evidence, as if they were the very facts in issue." A presumption which the jury is to make is not a circumstance in proof, and is not, therefore, legitimate foundation for a presumption. *United States v. Ross*, 92 U. S. 283. We hold then that the trial court correctly refused this instruction.

III. The remaining matter, urged for reversal, grows out of the court's action in giving to the jury

the following instruction : " If you find for plaintiff, you will assess her damages at such sum as you believe from the evidence will compensate her for the bodily pain and mental anguish you may believe from the evidence she has suffered, together with the sum as will compensate her for any permanent injury, if any, you may believe from the evidence she has sustained by reason of the injury in question, and for the pain and anguish you may believe from the evidence she will suffer in the future by reason of said injury, all not to exceed the sum of $10,000." It is contended that this instruction is erroneous in two particulars : *First*, that it submits to the jury the matter of permanent injuries when there was no evidence tending to prove any permanent injury ; and, *second*, that in the matter of future suffering the jury was left to compensate the plaintiff for injuries that might by some possibility or probability attend the plaintiff in the future, and that the jury was not confined to such future suffering as was reasonably certain to follow. I am unable to concur with defendant's able counsel as to either of these points. The record discloses ample evidence on which to predicate that feature of the instruction relating to permanent injury. The broken arm was before the jury—they were fully advised by an examination of the fractured member, and by the testimony of the attending physician and others—and this, too, after the lapse of a year from the date of the injury. The attending surgeon, too, gave it as his professional opinion that the plaintiff would never recover the full use of her arm. So, then, the court was justified in submitting permanent injury to the judgment of the jury, and the jury, too, would be justified in finding that there was a permanent disabling of the broken arm.

As to the second objection, the instruction reads that the jury will assess plaintiff's damages (if they find for her) in such sum as will compensate her, among other things, "for the pain and anguish *they*

*may believe from the evidence she will suffer in the future* by reason of said injury." In awarding compensation for future suffering in cases of this kind the rule is as contended for, that the jury is not authorized to consider mere possibilities—to go into the field of mere conjecture—and give damages for something *which may* happen, etc. And, if the instruction in question had so told the jury, it would have been error. Hence, the vice of the charge to the jury in *Fry v. Railroad*, 45 Iowa, where the jury was told they should consider such "future physical suffering which is, has been or may be caused by said injury," and so in another case cited by defendant's counsel (*Curtis v. Railroad*, 18 N. Y. 534) the jury was left to compensate not only for future suffering which the plaintiff will suffer, but for such as he might likely suffer. The appellate court reversed the judgment, because by inserting this word "likely" *to suffer* the door was open to mere speculation or conjecture. And in *White v. Railroad* (61 Wis. 536), likewise relied upon by defendant, the jury in a special finding of facts answered the question, what injury did the plaintiff sustain, if any, by such accident: "Temporary injury to the right leg which may prove permanent." "This," says the court, "is but little if anything more than a finding that the injury may possibly be permanent." The court then assumed that the assessment of damages was in part upon the possibility of permanent injury; held that error was committed. However, in the case we have here, the jury did not find that the plaintiff may, may possibly, will likely, or probably, "suffer in the future by reason of said injury," but they declare from the evidence "that she will suffer in the future by reason of said injury." Sutherland, in his work on damages (vol. 3, p. 262), thus expresses the law in reference to future suffering: When, after repeating the other elements of damage, "in consequence of the injury complained of, and how far it is permanent 'in

its results," he says in effect it is proper as well to add thereto for "the physical and mental suffering he has endured, and will endure, for such injury as a cause, and should allow such damages as in their judgment will fairly compensate the plaintiff therefor."

The defendant's further contention is that the submission of permanent injuries was erroneous in the absence of proof as to the age of the plaintiff. In support of this contention are cited: *Hinds v. City of Marshall*, 22 Mo. App. 208; *Gressley v. Railroad*, 26 Mo. App. 156. The first of these was a case where a married woman was suing for personal injuries of a permanent character, and an instruction, which told the jury, in estimating the plaintiff's damages, to take into consideration her age, etc., was condemned, because, while it was conceded the plaintiff's age was a proper element for the consideration of the jury in estimating the damages in the case, there was not sufficient evidence on which to predicate it. And the other was an action for personal injuries by a man, and when an instruction which directed the jury that in estimating the damages they should take into consideration the age, etc., of the plaintiff was held objectionable for the reason that there was no evidence whatever of his age. So it is quite apparent these cases are quite dissimilar to the one we have to determine. These decisions go to the extent, and no further than, that in actions for personal injuries of a permanent character the age of the injured party "may be a proper element for the consideration of the jury in estimating damages."

This rule does not encroach in the least upon that declared in the instruction under review There is no reference made either in the evidence or in the instructions in this case to the age of the plaintiff. The cases just cited, nor does any case to which our attention has been called decide that the age of the injured party in this class of cases is an essential and indispensable element for the consideration of the jury in estimating the

damages. No case is cited where it has been held that the entire omission of the element of age from the evidence and the instructions to the jury in respect to the estimation of the damages was fatal to the judgment.

In an action of this kind where claim is made by the plaintiff for the loss of service, and there is evidence tending to show that the wage-earning capacity of the injured party is diminished or destroyed, evidence of his age, coupled with his expectancy in life as demonstrated by the mortality tables, would furnish a proper scale to assist the jury in measuring the damages accruing to the plaintiff in consequence of this element. But in an action by a married woman for personal injuries of a permanent nature, as for the pain and anguish she may in the future suffer by reason of the injury, there can be no recovery by her for loss of services. *Hinds v. City of Marshall, supra;* Patterson, Railway Accident Law, 481. In case where this element of damage is excluded from the consideration of the jury, it is quite difficult to understand how evidence of the age of the injured party, coupled with her life expectancy, would afford any useful guide for the jury in estimating the damages. We do not think in cases of this kind that the law affords any certain standard for the measurement of the damages. While it will inform the jury as to the items of damages which they are permitted to consider, the amount to be fixed is peculiarly within their discretion. This case, from its very nature affords no elements of certainty by which the amount of damages the plaintiff has actually suffered can be shown with accuracy by any evidence of which the case is susceptible, and, hence, the amount of the damages was left to the sound discretion of the jury, who were authorized to give the plaintiff what is sometimes termed "a round sum."

After the examination of the cases cited by defendant's counsel, as well as the investigation outside of the briefs, we find no reason to condemn the instruction

called in question. If defendant thought the same not sufficiently specific, it should have requested other explanatory instructions to the jury. The judgment of the circuit court is affirmed; GILL, J., concurs; ELLISON, J., in a separate opinion.

ELLISON, J. ( *concurring* ).—I think defendant is not in a position here to raise the question of proof of plaintiff's age as it bears on the question of damages for permanent injury. Such question was not brought to the attention of the trial court.

But, conceding that the expectancy of life is a matter necessary for the jury in cases of this nature, I am not willing to say that mortuary tables would be the only competent proof. If the party is present at the trial, I do not know why inspection or observation by the jury would not be sufficient, in many cases of this character, as a basis for them in estimating the probable length of life with reference to the damages for the permanency of her injury, and her future pain and suffering. Such damages are uncertain and indefinite, but there must be some basis for the jury ( *Hickman v. Railroad*, 22 Mo. App. 344, 351 ), and observation ought to be sufficient. Observation of the jury as to age is allowed in many cases of equal, if not greater, importance than the class to which this belongs. 1 Wharton's Ev., sec. 345; *State v. Arnold*, 13 Ind. 184; *State v. McFair*, 93 N. C. 628. The jury may observe the color of the child alleged to be of mixed blood. *Warlick v. White*, 76 N. C. 175.